**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UHLIG LLC d/b/a CONDOCERTS™ and d/b/a WELCOMELINK® <br><br> Plaintiff, <br> v. <br><br> PROPLOGIX, LLC <br><br> Defendant. | **JURY TRIAL DEMANDED** <br><br> Case No. 2:22-cv-02475-KHV-ADM |

**AMENDED COMPLAINT AND JURY DEMAND**

COMES NOW Plaintiff Uhlig LLC d/b/a CondoCerts™ and d/b/a WelcomeLink® ("Uhlig"), by and through its attorneys, and for its Amended Complaint against Defendant PropLogix, LLC ("PropLogix"), states and alleges as follows:

**PARTIES**

1. Uhlig is a limited liability company. Uhlig does business, *inter alia*, under the brands CondoCerts™ and WelcomeLink®. The members, and corresponding domicile, of Uhlig are as follows:

   a. Mark A. Uhlig, an individual, who is domiciled in Kansas with an intent to remain there;

   b. Uhlig Communications Inc., a Kansas corporation with its principal place of business at 8455 Lenexa Drive, Overland Park, Kansas 66214;

   c. MAU Holdings Inc., a Kansas corporation with its principal place of business at 8455 Lenexa Drive, Overland Park, Kansas 66214; and

   d. Burrishoole LLC, whose members are domiciled as follows:

1

      i. Denis Tinsley, who is a foreign citizen of Ireland and lives there;

      ii. Edward Tinsley, who is an American citizen domiciled in New York, although currently on assignment in England but with an intention to return to New York upon completion;

      iii. Andrew Tinsley, who is domiciled in New York with the intent to remain there; and

      iv. Isabel Tinsley, who is domiciled in New York with the intent to remain there.

2. Defendant PropLogix is a limited liability company. The members, and corresponding domicile, of PropLogix are as follows:

   a. Jamie A. Ebling Trust, whose trustee is Jamie Ebling who is domiciled in Florida, with a reported address of 3700 S. Tamiami Trail, Suite 200, Sarasota, FL 34239;

   b. Evan N. Berlin Trust, whose trustee is Evan Berlin who is domiciled in Florida, with a reported address of 3700 S. Tamiami Trail, Suite 200, Sarasota, FL 34239;

   c. Jesse M. Biter Trust, whose trustee is Jesse M. Biter who is domiciled in Florida, with a reported address of 1233 N. Gulfstream Ave., Penthouse 1, Sarasota, FL 34236;

   d. AKKR Prop Holdings, Inc., a Delaware corporation, with a principal place of business at 2180 Sand Hill Road, Suite 300, Menlo Park, CA 94025;

   e. Digital Docs.net, LLC, whose sole member is:

      i. Shane Locke who is domiciled at 436 Valley View Drive, Winter Garden, FL 34787;

   f. PropLogix Employee Equity, LLC, whose members are:

      i. the three trusts identified in subparagraphs a), b), and c).

**JURISDICTION AND VENUE**

3. This Court may exercise personal jurisdiction over PropLogix because it agreed to submit to the jurisdiction of this Court concerning any suit, action or other proceeding arising out of the agreements which are the subject of this litigation.

4. PropLogix also is subject to personal jurisdiction in the State of Kansas pursuant to K.S.A. 60-308(b)(1), because PropLogix entered into one or more contracts with a resident of the State of Kansas to be performed in whole or in part in the State of Kansas.

5. PropLogix is subject to subject matter jurisdiction in this Court under 28 U.S.C. §1332 in that, as described above, there is complete diversity of citizenship between Uhlig's members and PropLogix's members, and the amount in controversy exceeds $75,000.

6. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District, and the contracts at issue contain a forum selection clause for this District.

**GENERAL ALLEGATIONS**

7. Uhlig is a national provider, *inter alia*, of resale and lender processing information ("Community Information") for common interest residential communities, including but not limited to homeowner associations, condominiums, co-ops, and similar communities, wherein the deed to property is encumbered by certain obligations to the common community ("Common Interest Communities").

8. Uhlig provides Community Information as the authorized representative of its clients, including Common Interest Communities and/or property management companies which serve as managing agents for Common Interest Communities (collectively "Uhlig's Clients").

9. As the authorized representative of Uhlig's Clients, Uhlig provides timely, authoritative Community Information to registered end users who require such information for legitimate purposes such as the purchase, sale, financing, refinancing and transfer of residential real estate located in Common Interest Communities. The Community Information is jointly created, maintained, managed and updated by Uhlig and Uhlig's Clients.

10. Among the other kinds of information it offers, Uhlig provides Community Information that is specific to properties that are being resold or refinanced ("Resale Information"). The Resale Information provided by Uhlig is perishable, time-sensitive, and may include detailed financial and legal information regarding one or more residential units or owner accounts.

11. As part of the residential mortgage process, Uhlig also provides Community Information related to the Common Interest Community as a whole ("Underwriting Information"). Underwriting Information includes such information as pending litigation, obligations and financial balances of the Common Interest Community as of a specific date. Banks, mortgage companies, credit unions, investors, brokers, lenders, government-sponsored enterprises, housing finance agencies, financing sources, title companies, buyers, sellers and other third parties ("Transaction Participants") rely on the accuracy of Underwriting Information in making financial decisions and risk assessments, including but not limited to the approval of home mortgages, the determination of credit terms, and other significant matters.

12. Because Resale Information and Underwriting Information are perishable, time-sensitive, rapidly changing, economically sensitive, and not publicly available, Uhlig's certification of Resale Information and Underwriting Information is valid only for a limited

4

period of time, and its use is expressly conditioned upon acceptance of Uhlig's Customer Agreements.

13. Uhlig provides the Community Information to retail customers under contractual terms and conditions set forth in Uhlig's website, registration, and ordering agreements and expressly accepted as a condition of doing business with Uhlig ("Uhlig's Customer Agreements").

14. Uhlig provides the Community Information pursuant to Uhlig's Customer Agreements for a fee that, in certain instances, is statutorily regulated. Uhlig typically retains a processing fee, and the balance of the payment collected is remitted to Uhlig's Clients.

15. Uhlig's Customer Agreements are designed to protect the integrity of the Community Information, and to prevent fraudulent, incorrect, obsolete, incomplete, counterfeit or falsified information from being introduced into the national mortgage financing process or otherwise misleading Transaction Participants who rely on such information. Conversely, the misuse, misrepresentation and/or falsification of the Community Information in violation of Uhlig's Customer Agreements creates significant risks of error, confusion, and financial loss among Transaction Participants who rely on such unauthorized and/or falsified Community Information.

16. Uhlig's Customer Agreements are further designed to ensure that the transactions involving Community Information that are concluded through Uhlig's websites are performed in compliance with all applicable laws and regulations, including but not limited to statutory restrictions on fees, delivery time, and other relevant factors. Conversely, the misuse, retention, resale or misrepresentation of the Community Information in violation of Uhlig's Customer

Agreements may expose Uhlig, Uhlig's Clients, and/or other Transaction Participants to significant risks of legal liability, reputational harm and/or financial loss.

17. Uhlig's Customer Agreements include but are not limited to: 1) Terms of Use; 2) an Account Registration Agreement; and 3) an Order Submission Agreement.

18. To purchase Community Information from Uhlig, a customer is required to execute specific actions on an online ordering site operated by Uhlig (each, an "Ordering Site").

19. Each major step in the ordering process requires the customer's express agreement and consent as a condition of proceeding with an order. The major steps in the ordering process include: 1) review and acceptance of the Terms of Use as a condition of entering the Ordering Site; 2) review and acceptance of the Account Registration Agreement as a condition of gaining access to the ordering functionality of the Ordering Site; and 3) review and acceptance of the Order Submission Agreement as a condition of placing an order.

20. The Terms of Use, *inter alia*, prohibit all customers from reselling Community Information for commercial purposes.

21. The Account Registration Agreement, *inter alia*, prohibits all customers from reselling Community Information for commercial purposes.

22. The Order Submission Agreement, *inter alia*, prohibits all customers from reselling Community Information for commercial purposes.

23. PropLogix is a customer of Uhlig and has placed repeated orders through online sites operated by Uhlig.

24. Upon information and belief, PropLogix's services (including services provided by a website managed by PropLogix, called "Estoppels.com") allow PropLogix customers

seeking Community Information to query PropLogix's database to determine if the community address in question is one for which PropLogix maintains information.

25. If the address is not a PropLogix-supported property but is a Uhlig-supported community, PropLogix orders the Community Information from Uhlig and resells the information to PropLogix's customer. Upon information and belief, PropLogix charges its customer a fee that includes the amount charged by Uhlig and an additional fee of $75 added by PropLogix. Upon information and belief, PropLogix further retains the Community information obtained from Uhlig for the purpose of expanding PropLogix's database of Community Information that it can subsequently resell or exploit for commercial purposes.

26. In ordering Community Information from Uhlig, PropLogix executes each of the Uhlig Customer Agreements referenced above, which specifically prohibit the resale of Uhlig's Community Information for commercial purposes. In breach of these agreements, PropLogix resells Uhlig's Community Information for PropLogix's commercial purposes.

27. PropLogix has placed over 25,000 orders from Uhlig. Assuming PropLogix has resold each order to PropLogix's customer by tacking on PropLogix's $75 fee, PropLogix has generated at least $1,875,000 in direct fees alone by reselling Uhlig's Community Information.

28. PropLogix knows that its resale of Uhlig's Community Information for commercial purposes violates Uhlig's Terms of Service and Customer Agreements.

29. PropLogix itself bans the sale or resale of its own information and services, according to paragraph 5 of its website https://www.proplogix.com/terms-of-service/ (last visited December 13, 202), which states in part:

> PropLogix grants no rights to any User or any other individual or entity in the Intellectual Property, and grant Users only the limited, non-exclusive, revocable

7

license to use the Site and the Services pursuant to the terms contained herein. PropLogix reserves all rights not expressly granted in this Agreement. No User is permitted to reverse engineer, disassemble, reproduce, copy, duplicate, sell, resell, reformat, partition, bundle, repackage, distribute, "white-label," create derivative works based on, or otherwise manipulate, translate, or use the Intellectual Property or any other information contained on the Site or any of the Services.

30. Yet PropLogix resells Uhlig's Community Information in the exact manner which PropLogix itself prohibits.

### FIRST CLAIM FOR RELIEF
**(Breach of Contract – Terms of Use)**

31. Uhlig incorporates by reference the preceding allegations as if fully set forth herein.

32. The Terms of Use prohibit resale of Community Information for commercial purposes.

33. PropLogix agreed to abide by the Terms of Use as a requirement of using Plaintiff's Ordering Sites.

34. The Terms of Use constitutes a valid and enforceable contract between Uhlig and PropLogix.

35. PropLogix breached the Terms of Use by reselling Community Information for commercial purposes.

36. As a result of PropLogix's breach, Uhlig has suffered damages.

### SECOND CLAIM FOR RELIEF
**(Breach of Contract – Account Registration Agreement)**

37. Uhlig incorporates by reference the preceding allegations as if fully set forth herein.

8

38. The Account Registration Agreement prohibits resale of Community Information for commercial purposes.

39. PropLogix agreed to abide by the Account Registration Agreement as a requirement of being allowed to register an account for the purpose of ordering products and services from Uhlig.

40. The Account Registration Agreement constitutes a valid and enforceable contract between Uhlig and PropLogix.

41. PropLogix breached the Account Registration Agreement by reselling Community Information for commercial purposes.

42. As a result of PropLogix's breach, Uhlig has suffered damages.

### THIRD CLAIM FOR RELIEF
**(Breach of Contract – Order Submission Agreement)**

43. Uhlig incorporates by reference the preceding allegations as if fully set forth herein.

44. The Order Submission Agreement prohibits resale of Community Information for commercial purposes.

45. PropLogix agreed to abide by the Order Submission Agreement as a requirement of being allowed to order Community Information from Uhlig.

46. The Order Submission Agreement constitutes a valid and enforceable contract between Uhlig and PropLogix.

47. PropLogix breached the Order Submission Agreement by reselling Community Information for commercial purposes.

48. As a result of PropLogix's breach, Uhlig has suffered damages.

9

## FOURTH CLAIM FOR RELIEF
(Unjust Enrichment)

49. Uhlig incorporates by reference the preceding allegations as if fully set forth herein.

50. By reselling Uhlig's information without authorization and despite restrictions specifically prohibiting this resale, PropLogix receives a benefit.

51. PropLogix knows that it is improperly receiving this benefit, as the relevant contractual documents specifically prohibit resale.

52. PropLogix's resale of the Uhlig information increases the price of the information, as confirmed by the fact that PropLogix resells the information at a higher price than it pays to purchase the information from Uhlig.

53. It is inequitable for PropLogix to maintain the benefit of the higher price it charges for resale of the Uhlig information, where such resale is specifically prohibited.

54. PropLogix must pay to Uhlig for the value of the information as resold by PropLogix in an amount equal to the amount PropLogix receives for this resale.

## FIFTH CLAIM FOR RELIEF
(Tortious Interference with Contract)

55. Uhlig incorporates by reference the preceding allegations as if fully set forth herein.

56. After the aforementioned facts became apparent to Uhlig, and Uhlig terminated PropLogix's access to its website, PropLogix contacted scores of Uhlig clients by email and possibly other means.

57.     In their communications with Uhlig's clients, PropLogix misrepresented that Uhlig had terminated PropLogix's access without authorization. In addition, PropLogix threatened Uhlig's clients with legal action if the clients did not provide the information directly to PropLogix.

58.     PropLogix's actions were unjustified and without a legitimate business purpose. They were designed to encourage Uhlig's clients to breach their agreements with Uhlig and provide information directly to PropLogix.

59.     PropLogix's actions were willful.

60.     PropLogix's actions interfered with Uhlig's contracts with its clients.

61.     PropLogix's actions caused Uhlig damages in reputational harm and potentially other damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Uhlig LLC d/b/a CondoCerts™ and d/b/a WelcomeLink® prays that judgment be entered in its favor and against Defendant PropLogix, LLC on each and every claim asserted herein, and that it be awarded all damages to which it is entitled under law, including but not limited to the following relief:

1.     An injunction permanently enjoining PropLogix from reselling the Community Information for commercial use;

2.     Disgorgement of all profits and other benefits received based on PropLogix reselling the Community Information for commercial use;

3.     A constructive trust imposed on PropLogix's profits from reselling the Community Information;

11

4. Actual damages to Uhlig in an amount to be proven at trial;

5. An award of costs and attorney fees as allowed by applicable law;

6. Pre-judgment and post-judgment interest;

7. Where provided for by statute and in the alternative, statutory damages; and

8. Any such further relief as this Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff requests a jury on all issues and claims that are triable to a jury.

Respectfully submitted this 13th day of December, 2022.

        KUTAK ROCK LLP

        *s/ Juliet A. Cox*
        Juliet A. Cox, KS Bar #17016
        Two Pershing Square
        2300 Main Street, Suite 800
        Kansas City, MO 64108
        Tel: (816) 960-0090
        Fax: (816) 960-0041
        Juliet.Cox@kutakrock.com

        Thomas W. Snyder, CO Bar #33106
        Heather N. Tilley, CO Bar #54149
        (*admitted pro hac vice*)
        KUTAK ROCK LLP
        1801 California St., Suite 3000
        Denver, CO 80202
        Tel: (303) 297-2400
        Thomas.Snyder@kutakrock.com
        Heather.Tilley@kutakrock.com

        ***ATTORNEYS FOR PLAINTIFF***
        ***UHLIG LLC d/b/a CONDOCERTS™ and***
        ***d/b/a WELCOMELINK®***

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December, 2022, the foregoing was filed via CM-ECF, which will automatically send an electronic copy to all counsel of record, and served on the following as indicated below:

<u>Via U.S. Mail, first class postage prepaid:</u>
PROPLOGIX, LLC
5901 N. Honore Ave., Suite 200
Sarasota, Florida 34243
*DEFENDANT*

                                      *s/ Juliet A. Cox*
                                      ATTORNEYS FOR PLAINTIFF
                                      UHLIG LLC d/b/a CONDOCERTS™ and
                                      d/b/a WELCOMELINK®