**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

UHLIG LLC d/b/a CONDOCERTS™ and
d/b/a WELCOMELINK®

                Plaintiff,

v.

PROPLOGIX, LLC

            Defendant.

**JURY TRIAL DEMANDED**

Case No. 2:22-cv-02475-KHV-ADM

## SECOND AMENDED COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Uhlig LLC d/b/a CondoCerts™ and d/b/a WelcomeLink® ("Uhlig"), by and through its attorneys, and for its Second Amended Complaint against Defendant PropLogix, LLC ("PropLogix"), states and alleges as follows:

### PARTIES

1.      Uhlig is a limited liability company. Uhlig does business, *inter alia*, under the brands CondoCerts™ and WelcomeLink®. The members, and corresponding domicile, of Uhlig are as follows:

    a.   Mark A. Uhlig, an individual, who is domiciled in Kansas with an intent to remain there;

    b.   Uhlig Communications Inc., a Kansas corporation with its principal place of business at 8455 Lenexa Drive, Overland Park, Kansas 66214;

    c.   MAU Holdings Inc., a Kansas corporation with its principal place of business at 8455 Lenexa Drive, Overland Park, Kansas 66214; and

    d.   Burrishoole LLC, whose members are domiciled as follows:

      i.   Denis Tinsley, who is a foreign citizen of Ireland and lives there;

     ii.   Edward Tinsley, who is an American citizen domiciled in New York, although currently on assignment in England but with an intention to return to New York upon completion;

   iii.   Andrew Tinsley, who is domiciled in New York with the intent to remain there; and

   iv.   Isabel Tinsley, who is domiciled in New York with the intent to remain there.

2.      Defendant PropLogix is a limited liability company. The members, and corresponding domicile, of PropLogix are as follows:

   a.   Jamie A. Ebling Trust, whose trustee is Jamie Ebling who is domiciled in Florida, with a reported address of 3700 S. Tamiami Trail, Suite 200, Sarasota, FL 34239;

   b.   Evan N. Berlin Trust, whose trustee is Evan Berlin who is domiciled in Florida, with a reported address of 3700 S. Tamiami Trail, Suite 200, Sarasota, FL 34239;

   c.   Jesse M. Biter Trust, whose trustee is Jesse M. Biter who is domiciled in Florida, with a reported address of 1233 N. Gulfstream Ave., Penthouse 1, Sarasota, FL 34236;

   d.   AKKR Prop Holdings, Inc., a Delaware corporation, with a principal place of business at 2180 Sand Hill Road, Suite 300, Menlo Park, CA 94025;

   e.   Digital Docs.net, LLC, whose sole member is:

      i.   Shane Locke who is domiciled at 436 Valley View Drive, Winter Garden, FL 34787;

   f.   PropLogix Employee Equity, LLC, whose members are:

      i.   the three trusts identified in subparagraphs a), b), and c).

## JURISDICTION AND VENUE

3.     This Court may exercise personal jurisdiction over PropLogix because it agreed to submit to the jurisdiction of this Court concerning any suit, action or other proceeding arising out of the agreements which are the subject of this litigation.

4.     PropLogix also is subject to personal jurisdiction in the State of Kansas pursuant to K.S.A. 60-308(b)(1), because PropLogix entered into one or more contracts with a resident of the State of Kansas to be performed in whole or in part in the State of Kansas.

5.     PropLogix is subject to subject matter jurisdiction in this Court under 28 U.S.C. §1332 in that, as described above, there is complete diversity of citizenship between Uhlig's members and PropLogix's members, and the amount in controversy exceeds $75,000.

6.     Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District, and the contracts at issue contain a forum selection clause for this District.

## GENERAL ALLEGATIONS

7.     Uhlig is a national provider, *inter alia*, of resale and lender processing information ("Community Information") for common interest residential communities, including but not limited to homeowner associations, condominiums, co-ops, and similar communities, wherein the deed to property is encumbered by certain obligations to the common community ("Common Interest Communities").

8.     Uhlig provides Community Information as the authorized representative of its clients, including Common Interest Communities and/or property management companies which serve as managing agents for Common Interest Communities (collectively "Uhlig's Clients").

9.      As the authorized representative of Uhlig's Clients, Uhlig provides timely, authoritative Community Information to registered end users who require such information for legitimate purposes such as the purchase, sale, financing, refinancing and transfer of residential real estate located in Common Interest Communities. The Community Information is jointly created, maintained, managed and updated by Uhlig and Uhlig's Clients.

10.     Among other kinds of information it offers, Uhlig provides Community Information that is specific to properties that are being resold or refinanced ("Resale Information"). The Resale Information provided by Uhlig is perishable, time-sensitive, and may include detailed financial and legal information regarding one or more residential units or owner accounts.

11.     As part of the residential mortgage process, Uhlig also provides Community Information related to the Common Interest Community as a whole ("Underwriting Information"). Underwriting Information includes such information as pending litigation, obligations and financial balances of the Common Interest Community as of a specific date. Banks, mortgage companies, credit unions, investors, brokers, lenders, government-sponsored enterprises, housing finance agencies, financing sources, title companies, buyers, sellers and others ("Transaction Participants") rely on the accuracy of Underwriting Information in making financial decisions and risk assessments, including but not limited to the approval of home mortgages, the determination of credit terms, and other significant matters.

12.     Because Resale Information and Underwriting Information are perishable, time-sensitive, rapidly changing, economically sensitive, and not publicly available, Uhlig's certification of Resale Information and Underwriting Information is valid only for a limited

period of time, and its use is expressly conditioned upon acceptance of Uhlig's Customer Agreements.

13.     Uhlig provides the Community Information to retail customers under contractual terms and conditions set forth in Uhlig's website, registration, and ordering agreements and expressly accepted as a condition of doing business with Uhlig ("Uhlig's Customer Agreements").

14.     Uhlig provides the Community Information pursuant to Uhlig's Customer Agreements for a fee that, in certain instances, is statutorily regulated. Uhlig typically retains a processing fee, and the balance of the payment collected is remitted to Uhlig's Clients.

15.     Uhlig's Customer Agreements are designed to protect the integrity of the Community Information, and to prevent fraudulent, incorrect, obsolete, incomplete, counterfeit or falsified information from being introduced into the national mortgage financing process or otherwise misleading Transaction Participants who rely on such information. Conversely, the misuse, misrepresentation and/or falsification of the Community Information in violation of Uhlig's Customer Agreements creates significant risks of error, confusion, and financial loss among Transaction Participants who rely on such unauthorized and/or falsified Community Information.

16.     Uhlig's Customer Agreements are further designed to ensure that the transactions involving Community Information that are concluded through Uhlig's websites are performed in compliance with all applicable laws and regulations, including but not limited to statutory restrictions on fees, delivery time, and other relevant factors.  Conversely, the misuse, retention, resale or misrepresentation of the Community Information in violation of Uhlig's Customer

Agreements may expose Uhlig, Uhlig's Clients, and/or other Transaction Participants to significant risks of legal liability, reputational harm and/or financial loss.

17.     Uhlig's Customer Agreements include but are not limited to: 1) Terms of Use; 2) an Account Registration Agreement; and 3) an Order Submission Agreement.

18.     To purchase Community Information from Uhlig, a customer is required to execute specific actions on an online ordering site operated by Uhlig (each, an "Ordering Site").

19.     Each major step in the ordering process requires the customer's express agreement and consent as a condition of proceeding with an order. The major steps in the ordering process include: 1) review and acceptance of the Terms of Use as a condition of entering the Ordering Site; 2) review and acceptance of the Account Registration Agreement as a condition of gaining access to the ordering functionality of the Ordering Site; and 3) review and acceptance of the Order Submission Agreement as a condition of placing an order.

20.     The Terms of Use prohibit, *inter alia*, all customers from reselling Community Information for commercial purposes.

21.     The Account Registration Agreement prohibits, *inter alia,* all customers from reselling Community Information for commercial purposes.

22.     The Order Submission Agreement prohibits, *inter alia,* all customers from reselling Community Information for commercial purposes.

23.     PropLogix is a customer of Uhlig and has placed repeated orders through online sites operated by Uhlig.

24.     Upon information and belief, PropLogix's services (including services provided by a website managed by PropLogix, called "Estoppels.com") allow PropLogix customers

seeking Community Information to query PropLogix's database to determine if the community address in question is one for which PropLogix maintains information.

25.     If the address is not a PropLogix-supported property but is a Uhlig-supported community, PropLogix orders the Community Information from Uhlig and resells the information to PropLogix's customer. Upon information and belief, PropLogix charges its customer a fee that includes the amount charged by Uhlig and an additional fee of $75 added by PropLogix. Upon information and belief, PropLogix further retains the Community information obtained from Uhlig for the purpose of expanding PropLogix's database of Community Information that it can subsequently resell or otherwise exploit for commercial purposes in violation of Uhlig's Customer Agreements.

26.     In ordering Community Information from Uhlig, PropLogix executes each of the Uhlig Customer Agreements referenced above which, among other things, specifically prohibit the resale and/or reuse of Uhlig's Community Information for commercial purposes.  PropLogix has breached and continues to breach the Uhlig Customer Agreements through its actions, including but not limited to reselling and/or reusing Uhlig's Community Information for PropLogix's commercial purposes.

27.     PropLogix has placed over 25,000 orders from Uhlig. Assuming PropLogix has resold each order to PropLogix's customer by tacking on PropLogix's $75 fee, PropLogix has generated at least $1,875,000 in direct fees alone by reselling Uhlig's Community Information.

28.     PropLogix knows that its resale of Uhlig's Community Information for commercial purposes violates Uhlig's Customer Agreements.

29.     PropLogix itself bans the sale or resale of its own information and services, according to paragraph 5 of its website https://www.proplogix.com/terms-of-service/ (last visited December 13, 2022), which states in part:

> PropLogix grants no rights to any User or any other individual or entity in the Intellectual Property, and grants Users only the limited, non-exclusive, revocable license to use the Site and the Services pursuant to the terms contained herein. PropLogix reserves all rights not expressly granted in this Agreement. No User is permitted to reverse engineer, disassemble, reproduce, copy, duplicate, sell, resell, reformat, partition, bundle, repackage, distribute, "white-label," create derivative works based on, or otherwise manipulate, translate, or use the Intellectual Property or any other information contained on the Site or any of the Services.

30.     Yet PropLogix resells Uhlig's Community Information in the exact manner which PropLogix itself prohibits.

31.     In or around January or 2023, Uhlig learned that PropLogix was sending letters and/or otherwise communicating with Uhlig's Clients, including the home owner associations and condominium owner associations represented by Uhlig through property management companies (collectively with Uhlig's Clients, the "Uhlig Represented Communities"), making false representations, defamatory statements and threatening legal action against the Uhlig Represented Communities (the "Threat Letters").

32.     To date, hundreds of Uhlig Represented Communities have received a Threat Letter, and Uhlig continues to be contacted by additional Uhlig Represented Communities receiving Threat Letters and other similar communications from PropLogix.

33.     Through the Threat Letters, PropLogix has, without limitation:

a.  Falsely represented that Uhlig has refused to fulfill properly placed orders for Community Information;

b.  Falsely represented that Uhlig violated Florida state law when it terminated PropLogix's access to Uhlig's web-based Ordering Sites;

c.  Falsely represented that the Uhlig Represented Communities would violate Florida state law if they refuse to provide Community Information directly to PropLogix;

d.  Threatened to bring legal action against the Uhlig Represented Communities if they do not provide Community Information directly to PropLogix;

e.  Falsely represented that PropLogix has suffered some legally cognizable injury because the Uhlig Represented Community delegated to Uhlig its obligation to provide estoppel certificates (and, presumably, other requests for Community Information);

f.  Threatened to bring legal action against the Uhlig Represented Communities for allegedly abrogating and violating their duties by delegating Uhlig as the authorized representative to receive and complete estoppel requests (and, presumably, other requests for Community Information);

g.  Represented to the Uhlig Represented Communities that PropLogix is acting as a designee of a parcel/unit owner and/or a designee of a parcel/unit owner's mortgagee which, upon information and belief, is false;

h.  Falsely represented to the Uhlig Represented Communities that Uhlig's request for PropLogix to establish it is acting as a designee of a parcel/unit owner and/or a designee of a parcel/unit owner's mortgagee is wrongful under Florida state law; and

i.  Threatened and falsely represented that the Uhlig Represented Communities would be liable for any current and/or future harm to PropLogix's business and/or business

relationships as a result of any instance in which Uhlig did not provide an estoppel certificate to PropLogix.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract – Terms of Use)

34.     Uhlig incorporates by reference the preceding allegations as if fully set forth herein.

35.     The Terms of Use prohibit, *inter alia*, resale and/or reuse of Community Information for commercial purposes.

36.     PropLogix agreed to abide by the Terms of Use as a requirement of using Plaintiff's Ordering Sites.

37.     The Terms of Use constitutes a valid and enforceable contract between Uhlig and PropLogix.

38.     PropLogix breached the Terms of Use by, at minimum, reselling and/or reusing Community Information for commercial purposes.

39.     As a result of PropLogix's breach, Uhlig has suffered damages.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract – Account Registration Agreement)

40.     Uhlig incorporates by reference the preceding allegations as if fully set forth herein.

41.     The Account Registration Agreement prohibits, *inter alia*, resale and/or reuse of Community Information for commercial purposes.

42.     PropLogix agreed to abide by the Account Registration Agreement as a requirement of being allowed to register an account for the purpose of ordering products and services from Uhlig.

43.     The Account Registration Agreement constitutes a valid and enforceable contract between Uhlig and PropLogix.

44.     PropLogix breached the Account Registration Agreement by, at minimum, reselling and/or reusing Community Information for commercial purposes.

45.     As a result of PropLogix's breach, Uhlig has suffered damages.

**THIRD CLAIM FOR RELIEF**
**(Breach of Contract – Order Submission Agreement)**

46.     Uhlig incorporates by reference the preceding allegations as if fully set forth herein.

47.     The Order Submission Agreement prohibits, *inter alia*, resale and/or reuse of Community Information for commercial purposes.

48.     PropLogix agreed to abide by the Order Submission Agreement as a requirement of being allowed to order Community Information from Uhlig.

49.     The Order Submission Agreement constitutes a valid and enforceable contract between Uhlig and PropLogix.

50.     PropLogix breached the Order Submission Agreement by, at minimum, reselling and/or reusing Community Information for commercial purposes.

51.     As a result of PropLogix's breach, Uhlig has suffered damages.

## FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment)

52.    Uhlig incorporates by reference the preceding allegations as if fully set forth herein.

53.    By reselling and/or reusing Uhlig's information without authorization and despite restrictions specifically prohibiting this resale and/or reuse, PropLogix receives a benefit.

54.    PropLogix knows that it is improperly receiving this benefit, as the relevant contractual documents specifically prohibit resale and/or reuse.

55.    PropLogix's resale of the Uhlig information increases the price of the information to the intended Transaction Participants, as confirmed by the fact that PropLogix resells the information at a higher price than it pays to purchase the information from Uhlig and/or reuses the information in a manner that allows it to receive more money for the information than it pays to purchase the information from Uhlig.

56.    It is inequitable for PropLogix to maintain the benefit of the higher price it charges for resale and/or reuse of the Uhlig information, where such resale and/or reuse is specifically prohibited.

57.    PropLogix must pay to Uhlig for the value of the information as resold by PropLogix in an amount equal to the amount PropLogix receives for this resale and/or reuse.

## FIFTH CLAIM FOR RELIEF
### (Fraud)

58.    Uhlig incorporates by reference the preceding allegations as if fully set forth herein.

59.     Each time PropLogix placed an order for Community Information, PropLogix assented to the terms of the Customer Agreements.

60.     The Customer Agreements prohibit resale and reuse of the Community Information for commercial purposes.

61.     PropLogix knew that the Customer Agreements prohibit resale and reuse of the Community Information for commercial purposes.

62.     By executing the Customer Agreements, PropLogix represented to Uhlig that PropLogix would not resell or reuse the Community Information for commercial purposes.

63.     PropLogix executed the Customer Agreements with the intention that PropLogix would resell and/or reuse the Community Information for commercial purposes.

64.     PropLogix fraudulently represented its intentions to Uhlig and induced Uhlig into providing PropLogix with the Community Information under false pretenses.

65.     As a result of PropLogix's fraud, Uhlig has been damaged.

## SIXTH CLAIM FOR RELIEF
### (Tortious Interference with Business Relationships)

66.     Uhlig incorporates by reference the preceding allegations as if fully set forth herein.

67.     After the aforementioned facts became apparent to Uhlig, and Uhlig terminated PropLogix's access to Uhlig's web-based Ordering Sites, PropLogix contacted scores of Uhlig Represented Communities, by email, letters, and possibly other means.

68.     In their communications with Uhlig Represented Communities, including in the Threat Letters, PropLogix has misrepresented and continues to misrepresent, among other things, that Uhlig has refused to fulfill properly placed orders for Community Information. In addition,

PropLogix has misrepresented and continues to misrepresent that Uhlig violated Florida state law when it terminated PropLogix's access to Uhlig's web-based Ordering Sites.

69.     In their communications with Uhlig Represented Communities, including in the Threat Letters, PropLogix has misrepresented and continues to misrepresent that the Uhlig Represented Communities would be in violation of Florida state law if they refused to provide Community Information directly to PropLogix.  In addition, PropLogix threatened and continues to threaten Uhlig Represented Communities with legal action if they do not provide Community Information directly to PropLogix.

70.     In their communications with Uhlig Represented Communities, including in the Threat Letters, PropLogix misrepresented and continues to misrepresent that it suffered some legally cognizable injury because the Uhlig Represented Communities had delegated Uhlig as the authorized representative to receive and complete requests for Community Information, including requests for estoppel certificates.

71.     In their communications with Uhlig Represented Communities, PropLogix represented to the Uhlig Represented Communities that PropLogix is a designee of the parcel/unit owner or a designee of the parcel/unit owner's mortgagee for the property identified in each Threat Letter, which representation, upon information and belief, is false.

72.     In their communications with Uhlig Represented Communities, including in the Threat Letters, PropLogix misrepresented and continues to misrepresent that Uhlig's request for PropLogix to establish it is, in fact, a designee of the parcel/unit owner or a designee of the parcel/unit owner's mortgagee for any transaction for which PropLogix seeks an estoppel certificate is wrongful under Florida law.

73.    In their communications with Uhlig Represented Communities, including in the Threat Letters, PropLogix threatened and continues to threaten Uhlig Represented Communities by falsely claiming they would be liable for any current or future harm to PropLogix's business or business relationships as a result of Uhlig's purported failure to provide an estoppel certificate that allegedly had been properly requested.

74.    PropLogix was aware of the business relationship between Uhlig and the Uhlig Represented Communities prior to PropLogix's communications to them, including prior to sending the Threat Letters.

75.    PropLogix was aware of the continual and ongoing business relationship between Uhlig and the Uhlig Represented Communities prior to PropLogix's communications to them, including prior to sending the Threat Letters.

76.    PropLogix was aware that the Uhlig Represented Communities designated Uhlig to receive requests for Community Information. PropLogix also was aware that the Uhlig Represented Communities designated Uhlig as the authorized representative to complete these requests.

77.    PropLogix was aware of Uhlig's exclusive agreement with Uhlig's Clients to receive and complete requests for Community Information for the Uhlig Represented Communities when PropLogix contacted the Uhlig Represented Communities to obtain Community Information directly from them.

78.    PropLogix's actions were unjustified and without a legitimate business purpose.

79.    PropLogix's actions were designed to encourage Uhlig's Clients to breach their agreements with Uhlig and to coerce the Uhlig Represented Communities to provide Community Information directly to PropLogix.

80.    PropLogix's actions were designed to interfere with and harm Uhlig's existing and future business relationships with Uhlig's Clients, both its direct clients and the communities Uhlig represents as the representative of management companies.

81.    PropLogix's actions were willful.

82.    PropLogix's actions interfered with Uhlig's business relationships with Uhlig's Clients, both its direct clients and the communities Uhlig represents as the representative of management companies.

83.    PropLogix's actions harmed Uhlig's business relationships with Uhlig's Clients, both its direct clients and the communities Uhlig represents as the representative of management companies.

84.    PropLogix's actions have caused and are continuing to cause Uhlig damages in reputational harm, the costs associated with responding to the hundreds of Uhlig Represented Communities that have received a Threat Letter, and potentially other damages.

## SEVENTH CLAIM FOR RELIEF
(**Deceptive and Unfair Competition under the Florida Deceptive and Unfair Trade Practices Act**)

85.    Uhlig incorporates by reference the preceding allegations as if fully set forth herein.

86.     Under contractual arrangements with Uhlig's Clients, Uhlig offers services in the form of acquiring, handling, and reporting Community Information on the Clients' behalf for the Uhlig Represented Communities.

87.     The Uhlig Represented Communities are "consumers" of Uhlig's services as that term is used under the Florida Deceptive and Unfair Trade Practices Act.

88.     Upon information and belief, PropLogix is a competitor of Uhlig's.

89.     Prior to Uhlig's termination of PropLogix's access to Uhlig's web-based Ordering Sites, PropLogix used Uhlig's web-based Ordering Sites to request and obtain Community Information pertaining to Uhlig Represented Communities.

90.      Following Uhlig's termination of PropLogix's access to Uhlig's web-based Ordering Sites, PropLogix contacted a number of the Uhlig Represented Communities by email and letter (and possibly by other means) in an effort to obtain the Community Information directly from Uhlig Represented Communities.

91.     In their communications with Uhlig Represented Communities, PropLogix misrepresented that Uhlig had refused to fulfill orders for Community Information that properly had been placed. In addition, PropLogix misrepresented that Uhlig violated Florida state law by allegedly failing to fulfill properly placed orders. PropLogix also communicated to Uhlig Represented Communities that PropLogix had taken legal action in response to Uhlig's termination of PropLogix's access to Uhlig's web-based Ordering Sites.

92.     In their communications with Uhlig Represented Communities, PropLogix misrepresented that the Uhlig Represented Communities would be in violation of Florida state law if they refused to provide Community Information directly to PropLogix. In addition,

PropLogix threatened Uhlig Represented Communities with legal action if they did not provide Community Information directly to PropLogix.

93.     In their communications with Uhlig Represented Communities, PropLogix misrepresented that it suffered some legally cognizable injury and somehow violated Florida law because the Uhlig Represented Communities had delegated their obligations under Florida Statute § 718.116 and § 720.30851 to Uhlig. PropLogix also threatened legal action against Uhlig Represented Communities for abrogating and violating their duties by delegating Uhlig as the authorized representative to receive and complete estoppel requests.

94.     Upon information and belief, in their communications with Uhlig Represented Communities, PropLogix misrepresented that PropLogix was acting as a parcel/unit owner or mortgagee or a parcel/unit owner's designee or a mortgagee's designee.

95.     In their communications with Uhlig Represented Communities, PropLogix misrepresented that Uhlig's request for PropLogix to establish it had authorization to request estoppel certificates from Uhlig Represented Communities was wrongful under Florida state law. PropLogix further misrepresented that the Uhlig Represented Communities would be liable for any current and future harm to PropLogix's business and PropLogix's business relationships as a result of Uhlig's purported refusal to provide estoppel certificates to allegedly authorized requests made by PropLogix.

96.     PropLogix was aware of the business relationship between Uhlig and the Uhlig Represented Communities prior to PropLogix's communications to them, including prior to sending the Threat Letters.

97.     PropLogix was aware of the continual and ongoing business relationship between Uhlig and the Uhlig Represented Communities prior to PropLogix's communications to them, including prior to sending the Threat Letters.

98.     PropLogix's actions were deceptive and designed to harm Uhlig's business reputation and to deceive Uhlig's Clients.

99.     PropLogix's actions were deceptive and designed to harm Uhlig's business relationships with Uhlig's Clients.

100.    PropLogix's actions were deceptive and designed to interfere with Uhlig's contracts and encourage Uhlig's Clients to breach their existing agreements with Uhlig and to coerce Uhlig Represented Communities to provide the Community Information directly to PropLogix.

101.    PropLogix's communications with the Uhlig Represented Communities were made during the course of trade.

102.    PropLogix's actions were willful.

103.    PropLogix's actions were unfair and without a legitimate business purpose.

104.    PropLogix's actions caused Uhlig damages in reputational harm, goodwill, and potentially other damages, and likely will cause Uhlig's Clients damages in the event they breach their agreements with Uhlig.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Uhlig LLC d/b/a CondoCerts™ and d/b/a WelcomeLink® prays that judgment be entered in its favor and against Defendant PropLogix, LLC on each and every

claim asserted herein, and that it be awarded all damages to which it is entitled under law, including but not limited to the following relief:

1.      An injunction permanently enjoining PropLogix from reselling and/or resuing the Community Information for commercial use and enjoining PropLogix from contacting Uhlig Represented Entities to threaten them with legal action;

2.      Disgorgement of all profits and other benefits received based on PropLogix reselling and/or reusing the Community Information for commercial use;

3.      A constructive trust imposed on PropLogix's profits from reselling and/or resuing the Community Information;

4.      Actual damages to Uhlig in an amount to be proven at trial;

5.      An award of costs and attorney fees as allowed by applicable law;

6.      Pre-judgment and post-judgment interest;

7.      Where provided for by statute and in the alternative, statutory damages; and

8.      Any such other and further relief as this Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff requests a jury on all issues and claims that are triable to a jury.

Respectfully submitted this 30th day of January, 2023.

KUTAK ROCK LLP

_s/  Juliet A. Cox_
Juliet A. Cox, KS Bar #17016
Two Pershing Square
2300 Main Street, Suite 800
Kansas City, MO 64108
Tel: (816) 960-0090
Fax: (816) 960-0041
Juliet.Cox@kutakrock.com

Thomas W. Snyder, CO Bar #33106
Heather N. Tilley, CO Bar #54149
(*admitted pro hac vice*)
KUTAK ROCK LLP
1801 California St., Suite 3000
Denver, CO 80202
Tel: (303) 297-2400
Thomas.Snyder@kutakrock.com
Heather.Tilley@kutakrock.com

**ATTORNEYS FOR PLAINTIFF**
**UHLIG LLC d/b/a CONDOCERTS™ and**
**d/b/a WELCOMELINK®**

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Stephen J. Torline, KS#18292
Jennifer H. Salva, KS#28244
KUCKELMAN TORLINE KIRKLAND
10740 Nall Ave., Suite 250
Overland Park, KS 66211
Tel: 913-948-8613
storline@ktk-law.com
jsalva@ktk-law.com
*Counsel for Defendant PropLogix, LLC*

Philip R. Bautista (*pro hac vice*)
David H. Wallace (*pro hac vice*)
Cary M. Snyder (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, OH 44114-2302
Tel: 216-241-2838
pbautista@taftlaw.com
dwallace@taftlaw.com
csnyder@taftlaw.com
*Counsel for Defendant PropLogix, LLC*

*s/ Juliet A. Cox*
*ATTORNEYS FOR PLAINTIFF*
*UHLIG LLC d/b/a CONDOCERTS™ and*
*d/b/a WELCOMELINK®*