**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UHLIG LLC d/b/a CONDOCERTS™ and WELCOMELINK®, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No.:  2:22-cv-02475-KHV-ADM |
| v. | ) ) | |
| PROPLOGIX, LLC, | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S**
**SECOND AMENDED COMPLAINT AND JURY DEMAND**

COMES NOW Defendant Proplogix, LLC (hereinafter "Defendant"), by and through undersigned counsel, and for its Answer to Plaintiff's Second Amended Complaint and Jury Demand, states as follows:

**PARTIES**

1.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 1 of Plaintiff's Second Amended Complaint, including subparts (a) through (c) and (d)(i) through (d)(iv), and therefore denies those allegations.

2.     Defendant admits the allegations of Paragraph 2 of Plaintiff's Second Amended Complaint, including subparts (a) through (f).

**JURISDICTION AND VENUE**

3.     Paragraph 3 is a legal conclusion for which no response is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations of Paragraph 3 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

4.     Paragraph 4 is a legal conclusion for which no response is required. To the extent that a

response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations of Paragraph 4 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

5.      Paragraph 5 is a legal conclusion for which no response is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations of Paragraph 5 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

6.      Paragraph 6 is a legal conclusion for which no response is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations of Paragraph 6 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

## GENERAL ALLEGATIONS

7.      Defendant is without sufficient information to admit or deny the allegations of Paragraph 7 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

8.      Defendant is without sufficient information to admit or deny the allegations of Paragraph 8 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

9.      Defendant is without sufficient information to admit or deny the allegations of Paragraph 9 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

10.      Defendant is without sufficient information to admit or deny the allegations of Paragraph 10 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

11.      Defendant is without sufficient information to admit or deny the allegations of Paragraph 11 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

12.      Defendant is without sufficient information to admit or deny the allegations of

Paragraph 12 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

13. Defendant is without sufficient information to admit or deny the allegations of Paragraph 13 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

14. Defendant is without sufficient information to admit or deny the allegations of Paragraph 14 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

15. Defendant is without sufficient information to admit or deny the allegations of Paragraph 15 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

16. Defendant is without sufficient information to admit or deny the allegations of Paragraph 16 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

17. Defendant is without sufficient information to admit or deny the allegations of Paragraph 17 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

18. Defendant is without sufficient information to admit or deny the allegations of Paragraph 18 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

19. Defendant is without sufficient information to admit or deny the allegations of Paragraph 19 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

20. Defendant is without sufficient information to admit or deny the allegations of Paragraph 20 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

21. Defendant is without sufficient information to admit or deny the allegations of Paragraph 21 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

22. Defendant is without sufficient information to admit or deny the allegations of Paragraph 22 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

23. Defendant admits the allegations of Paragraph 23 of Plaintiff's Second Amended Complaint.

24.     Defendant admits the allegations of Paragraph 24 of Plaintiff's Second Amended Complaint.

25.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 25 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

26.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 26 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

27.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 27 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

28.     Defendant denies the allegations of Paragraph 28 of Plaintiff's Second Amended Complaint.

29.     Defendant admits that the cited language appears on Defendant's website but states that such written content speaks for itself.  Defendant denies the remaining allegations of Paragraph 29 of Plaintiff's Second Amended Complaint.

30.     Defendant denies the allegations of Paragraph 30 of Plaintiff's Second Amended Complaint.

31.     Defendant admits to sending letters to Uhlig Represented Communities. Defendant denies the remaining allegations of Paragraph 31 of Plaintiff's Second Amended Complaint.

32.     Defendant admits to sending letters to Uhlig Represented Communities. Defendant denies the remaining allegations of Paragraph 32 of Plaintiff's Second Amended Complaint.

33.     Defendant denies the allegations of Paragraph 33 of Plaintiff's Second Amended Complaint, including subparts (a) through (i).

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract – Terms of Use)**

34.     Defendant incorporates its responses to Paragraphs 1 through 33 above as if fully stated

herein.

35.     Paragraph 35 is a legal conclusion for which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 35 of Plaintiff's Second Amended Complaint.

36.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 36 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

37.     Paragraph 37 is a legal conclusion for which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 37 of Plaintiff's Second Amended Complaint.

38.     Defendant denies the allegations of Paragraph 38 of Plaintiff's Second Amended Complaint.

39.     Defendant denies the allegations of Paragraph 38 of Plaintiff's Second Amended Complaint.

**SECOND CLAIM FOR RELIEF**
**(Breach of Contract – Account Registration Agreement)**

40.     Defendant incorporates its responses to Paragraphs 1 through 39 above as if fully stated herein.

41.     Paragraph 41 is a legal conclusion for which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 41 of Plaintiff's Second Amended Complaint.

42.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 42 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

43.     Paragraph 43 is a legal conclusion for which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 43 of Plaintiff's Second

Amended Complaint.

44.     Defendant denies the allegations of Paragraph 44 of Plaintiff's Second Amended Complaint.

45.     Defendant denies the allegations of Paragraph 45 of Plaintiff's Second Amended Complaint.

### THIRD CLAIM FOR RELIEF
**(Breach of Contract – Order Submission Agreement)**

46.     Defendant incorporates its responses to Paragraphs 1 through 45 above as if fully stated herein.

47.     Paragraph 47 is a legal conclusion for which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 47 of Plaintiff's Second Amended Complaint.

48.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 48 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

49.     Paragraph 49 is a legal conclusion for which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 49 of Plaintiff's Second Amended Complaint.

50.     Defendant denies the allegations of Paragraph 50 of Plaintiff's Second Amended Complaint.

51.     Defendant denies the allegations of Paragraph 51 of Plaintiff's Second Amended Complaint.

### FOURTH CLAIM FOR RELIEF
**(Unjust Enrichment)**

52.     Defendant incorporates its responses to Paragraphs 1 through 51 above as if fully stated

herein.

53.     Defendant denies the allegations of Paragraph 53 of Plaintiff's Second Amended Complaint.

54.     Defendant denies the allegations of Paragraph 54 of Plaintiff's Second Amended Complaint.

55.     Defendant denies the allegations of Paragraph 55 of Plaintiff's Second Amended Complaint.

56.     Defendant denies the allegations of Paragraph 56 of Plaintiff's Second Amended Complaint.

57.     Defendant denies the allegations of Paragraph 57 of Plaintiff's Second Amended Complaint.

## FIFTH CLAIM FOR RELIEF
### (Fraud)

58.     Defendant incorporates its responses to Paragraphs 1 through 57 above as if fully stated herein.

59.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 59 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

60.     Paragraph 60 is a legal conclusion for which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 60 of Plaintiff's Second Amended Complaint.

61.     Defendant denies the allegations of Paragraph 61 of Plaintiff's Second Amended Complaint.

62.     Defendant denies the allegations of Paragraph 62 of Plaintiff's Second Amended Complaint.

63.     Defendant denies the allegations of Paragraph 63 of Plaintiff's Second Amended Complaint.

64.     Defendant denies the allegations of Paragraph 64 of Plaintiff's Second Amended Complaint.

65.     Defendant denies the allegations of Paragraph 65 of Plaintiff's Second Amended Complaint.

## SIXTH CLAIM FOR RELIEF
### (Tortious Interference with Business Relationships)

66.     Defendant incorporates its responses to Paragraphs 1 through 65 above as if fully stated herein.

67.     Defendant admits that Uhlig terminated Defendant's access to Uhlig's web-based ordering sites and that Uhlig subsequently contacted Uhlig represented communities directly. Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 67 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

68.     Defendant denies the allegations of Paragraph 68 of Plaintiff's Second Amended Complaint.

69.     Defendant denies the allegations of Paragraph 69 of Plaintiff's Second Amended Complaint.

70.     Defendant denies the allegations of Paragraph 70 of Plaintiff's Second Amended Complaint.

71.     Defendant denies the allegations of Paragraph 71 of Plaintiff's Second Amended Complaint.

72.     Defendant denies the allegations of Paragraph 72 of Plaintiff's Second Amended Complaint.

73.     Defendant denies the allegations of Paragraph 73 of Plaintiff's Second Amended Complaint.

74.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 74 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

75.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 75 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

76.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 76 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

77.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 77 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

78.     Defendant denies the allegations of Paragraph 78 of Plaintiff's Second Amended Complaint.

79.     Defendant denies the allegations of Paragraph 79 of Plaintiff's Second Amended Complaint.

80.     Defendant denies the allegations of Paragraph 80 of Plaintiff's Second Amended Complaint.

81.     Defendant denies the allegations of Paragraph 81 of Plaintiff's Second Amended Complaint.

82.     Defendant denies the allegations of Paragraph 82 of Plaintiff's Second Amended Complaint.

83.     Defendant denies the allegations of Paragraph 83 of Plaintiff's Second Amended Complaint.

84.     Defendant denies the allegations of Paragraph 84 of Plaintiff's Second Amended

Complaint.

## SEVENTH CLAIM FOR RELIEF
### (Deceptive and Unfair Competition under the Florida Deceptive and Unfair Trade Practices Act)

85.     Defendant incorporates its responses to Paragraphs 1 through 84 above as if fully stated herein.

86.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 86 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

87.     Paragraph 87 is a legal conclusion for which no response is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations of Paragraph 87 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

88.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 88 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

89.     Defendant admits the allegations of Paragraph 89 of Plaintiff's Second Amended Complaint.

90.     Defendant admits the allegations of Paragraph 90 of Plaintiff's Second Amended Complaint.

91.     Defendant denies the allegations of Paragraph 91 of Plaintiff's Second Amended Complaint.

92.     Defendant denies the allegations of Paragraph 92 of Plaintiff's Second Amended Complaint.

93.     Defendant denies the allegations of Paragraph 93 of Plaintiff's Second Amended Complaint.

94.     Defendant denies the allegations of Paragraph 94 of Plaintiff's Second Amended Complaint.

95.     Defendant denies the allegations of Paragraph 95 of Plaintiff's Second Amended Complaint.

96.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 96 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

97.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 97 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

98.     Defendant denies the allegations of Paragraph 98 of Plaintiff's Second Amended Complaint.

99.     Defendant denies the allegations of Paragraph 99 of Plaintiff's Second Amended Complaint.

100.    Defendant denies the allegations of Paragraph 100 of Plaintiff's Second Amended Complaint.

101.    Paragraph 101 is a legal conclusion for which no response is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations of Paragraph 101 of Plaintiff's Second Amended Complaint, and therefore denies those allegations.

102.    Defendant denies the allegations of Paragraph 102 of Plaintiff's Second Amended Complaint.

103.    Defendant denies the allegations of Paragraph 103 of Plaintiff's Second Amended Complaint.

104.    Defendant denies the allegations of Paragraph 104 of Plaintiff's Second Amended

Complaint.

105.     Defendant denies all allegations of fact contained in Plaintiff's "PRAYER FOR RELIEF."

106.     Defendant denies all allegations not specifically admitted herein.

WHEREFORE, having answered, Defendant requests that Plaintiff's Second Complaint Amended Complaint be dismissed in its entirety, that Plaintiff recover naught, and for such further relief as the Court deems equitable and just.

## AFFIRMATIVE DEFENSES

1.     As and for its First Affirmative Defense, Defendant states that Plaintiff has failed, in whole or in part, to state a claim upon which relief can be granted in one or more of the following ways: (a) Plaintiff has failed to state a cognizable cause of action, (b) Plaintiff has not plead facts sufficient to form an essential element of a cause of action, (c) Plaintiff cannot put forth evidence sufficient to prove an essential element of one or more of its claims.

2.     As and for its Second Affirmative Defense, Defendant states that if Plaintiff suffered damages as alleged, which Defendant expressly denies, Plaintiff has failed to mitigate such damages, the specifics of which are to be revealed in discovery, and thus recovery against Defendant should be offset to the extent which Plaintiff could have mitigated such damages.

3.     As and for its Third Affirmative Defense, Defendant states that Plaintiff's claims for breach of contract fail for want of consideration.

4.     As and for its Fourth Affirmative Defense, Defendant states that Plaintiff's claims for breach of contract are unenforceable as unconscionable.

5.     As and for its Fifth Affirmative Defense, Defendant states that all of its actions were performed for a legal and proper purpose.

6.       As and for its Sixth Affirmative Defense, Defendant states that Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, unclean hands, waiver, and/or estoppel, the specific manners of same to be revealed in the course of discovery.

## DEMAND FOR JURY TRIAL

7.       Defendant hereby respectfully requests and demands a trial by jury of all issues so triable.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By:      _/s/ Jordon T. Stanley_____
         Jordon T. Stanley, #21990 KS
         211 North Broadway, Suite 2150
         St. Louis, Missouri 63102
         Tel: (314) 961-6686
         Fax: (314) 338-3076
         jstanley@grsm.com
         *Counsel for Defendant*
         *Proplogix, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court on February 13, 2023, thereby executing service upon all counsel of record by operation of the Court's electronic filing system.

_/s/ Jordon T. Stanley_____