IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UHLIG LLC d/b/a CONDOCERTS™ and d/b/a WELCOMELINK®<br><br>            Plaintiff,<br>v.<br><br>PROPLOGIX, LLC<br><br>            Defendant. | Case No. 2:22-cv-02475-KHV-ADM |

**MEMORANDUM & ORDER**

This case involves the process of obtaining information commonly used in closing on certain types of real estate transactions. In common interest residential communities such as homeowners' associations, condominiums, co-ops, etc. ("CICs"), real property deeds may be encumbered by obligations to the CIC. When a property owner who is part of a CIC sells or refinances their home, an "estoppel certificate" is commonly prepared. Such estoppel certificates show the amount of money a property owner owes to the CIC. Plaintiff Uhlig LLC ("Uhlig") operates CondoCerts.com and WelcomeLink.com, which are online resale and lender ordering systems used by homeowners, CICs, managers of CICs, and others. Defendant PropLogix, LLC ("PropLogix") provides real estate due diligence services for businesses such as title agents and other professionals involved in closing on the sale or refinance of real property in CICs. PropLogix orders estoppel certificates from Uhlig's online platforms and websites.

On November 21, 2022, Uhlig filed this lawsuit alleging that PropLogix's practice of storing, re-using, and reselling that information violates Uhlig's terms of service by "commercializing" the information. That same day, Uhlig terminated PropLogix from accessing its websites. Days later, Uhlig implemented a new process for PropLogix to obtain estoppel

certificates. Uhlig now requires PropLogix to complete a form on a case-by-case basis to establish that it is a "designee" of the property owner or lender and thus is entitled to obtain the information under Florida law.

PropLogix has now filed a Motion for Leave to File First Amended Answer to Plaintiff's Second Amended Complaint and Jury Demand, to Assert Counterclaim Out of Time. (ECF 52.) By way of this motion, PropLogix seeks to amend its answer to add counterclaims against Uhlig arising from its termination of PropLogix's access to its online ordering platform and websites and also for the process PropLogix must now follow to obtain estoppel certificates. (ECF 52.) PropLogix seeks to assert counterclaims against Uhlig for tortious interference with business relationships; unfair competition and trade practices under the Florida Deceptive and Unfair Trade Practices Act, FLA. STAT. § 501.201 *et seq.* ("FDUTPA"); and for a declaratory judgment that Uhlig has violated the FDUTPA and its obligation to provide estoppel certificates in compliance with FLA. STAT. §§ 718.116(8) and 720.30851. PropLogix also seeks injunctive relief, including a temporary restraining order and a preliminary injunction while this lawsuit is pending.

Uhlig opposes PropLogix's motion on the grounds that it is untimely because it was filed after the April 17 deadline for motions to amend the pleadings, and also because Uhlig contends that PropLogix's proposed counterclaims are futile. For the reasons discussed below, the court disagrees. PropLogix's motion is granted.

## ANALYSIS

When a party moves to amend after the scheduling order deadline, the moving party must (1) demonstrate good cause under Federal Rule of Civil Procedure 16(b)(4), and (2) satisfy the standards for amendment under Rule 15(a). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). The moving party must show good cause for failing to

move to amend prior to the cutoff date and for the length of time between learning of the new information warranting amendment and moving to amend. *See Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1248 (10th Cir. 2015). Whether to grant a motion to amend is within the court's sound discretion. *Gorsuch*, 771 F.3d at 1240.

### A.     PropLogix Has Demonstrated Good Cause Under Rule 16.

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To establish good cause, the moving party must show that it could not have met the motion to amend deadline despite "diligent efforts." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018). Because Rule 16 requires diligence, if a party knows of "the underlying conduct but simply failed to raise [its] claims, . . . the claims are barred." *Gorsuch*, 771 F.3d at 1240. On the other hand, the "good cause requirement may be satisfied . . . if a [party] learns new information through discovery or if the underlying law has changed." *Id.*

Uhlig opposes PropLogix's motion because it was not filed until April 27, which was after the April 17 deadline set forth in the scheduling order for motions to amend the pleadings. (ECF 42, at 2, 6.) Uhlig contends that PropLogix cannot demonstrate good cause for waiting so long to assert these counterclaims because PropLogix has known about the facts supporting them for months. Uhlig points out that it terminated PropLogix's access to its websites on November 21 and, on December 2, Uhlig sent PropLogix the new form that it would need to complete to obtain estoppel certificates. This was months before Uhlig filed its operative second amended complaint, in response to which PropLogix filed its answer on February 13. (ECF 25, 28.)

Although PropLogix could have filed its counterclaims earlier, the court finds that PropLogix has demonstrated good cause by exercising diligence in trying to assert its counterclaims by the deadline. To begin, the April 17 deadline was not operative until April 21.

3

The court convened a scheduling conference on April 6, at which time the court ordered the parties to submit a revised proposed schedule by April 14 and continued the scheduling conference to April 21. (ECF 35, 37.) When the parties resubmitted their revised proposed schedule, they included an April 17 deadline for motions to amend. But on April 18, before the court reconvened the scheduling conference or entered the scheduling order, PropLogix filed a motion for leave to file a counterclaim. (ECF 39.) When the court reconvened the scheduling conference on April 21, the court adopted the parties' proposed schedule that included the April 17 deadline to amend the pleadings. (ECF 42.) The court will not hold PropLogix to a retroactive deadline to amend the pleadings that was not operative at the time PropLogix filed its motion for leave to file a counterclaim on April 18. Consequently, that initial motion was not filed out of time.

Then, on April 25, the court denied PropLogix's motion for leave to file a counterclaim because the proposed pleading would have consisted of a stand-alone counterclaim not asserted in an answer, which the Federal Rules do not recognize. (ECF 45.) The court explained that the Federal Rules require a counterclaim to be asserted within a pleading, so the court denied the motion without prejudice to being renewed as a motion to amend PropLogix's answer to assert a counterclaim. (ECF 45.) PropLogix then promptly filed the current motion on April 27, seeking leave to file a first amended answer asserting a counterclaim. (ECF 52.) The court finds that PropLogix exercised diligence in filing the current motion just two days after the court notified PropLogix of its procedural error. PropLogix has thus demonstrated good cause.

**B.    Amendment Is Allowed Under Rule 15(a)(2).**

Next, the court considers whether the standards for amendment under Rule 15(a) are met. Rule 15(a)(2) directs the court to "freely give leave [to amend] when justice so requires." In freely allowing leave to amend, the court provides litigants with "the maximum opportunity for each

4

claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). A court may only withhold leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Practically speaking, the party opposing a motion to amend bears the burden to demonstrate why the amendment should not be permitted. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (holding that in the absence of such a showing, amendment should be allowed).

Uhlig opposes amendment under Rule 15 solely on futility grounds, but the court will also consider PropLogix's undue delay because Uhlig's Rule 16 argument raises PropLogix's lengthy delay in asserting its counterclaims. Although delay alone is not enough to deny a motion to amend, at some point delay becomes undue when it places an unwarranted burden on the court or when it becomes prejudicial by placing an unfair burden on the opposing party. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006). In evaluating what constitutes undue delay sufficient to deny a motion to amend, the court must focus "primarily on the reasons for the delay." *Id.* at 1206 (10th Cir. 2006). Denial is appropriate where the party seeking amendment "has no adequate explanation for the delay." *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993).

PropLogix's reason for the delay is that its "counterclaims have only recently matured and acquired based upon new and developing conduct by Plaintiff." (ECF 52 ¶ 30, at 7; *see also* ECF 52 ¶ 10, at 2 ("[S]ince filing its Answer to the Second Amended Complaint, PropLogix's proposed counterclaims have matured, and the facts underlying these counterclaims have been acquired.").)

The court questions PropLogix's assertion that its proposed counterclaim has "only recently matured" since it filed its answer to the second amended complaint on February 13. The foundation for the counterclaim appears to be Uhlig's actions in November 2022 when Uhlig began blocking PropLogix from ordering estoppel certificates from Uhlig's websites. (ECF 52 ¶ 18, at 4.) And it appears that PropLogix knew when it filed its motion to dismiss Uhlig's amended complaint in December 2022 that Uhlig was interfering with its contracts and engaging in allegedly unfair business conduct. (*See* ECF 15, at 2-3 ("After Uhlig terminated all contractual relations with PropLogix in late November 2022, Uhlig has continued its unfair business practices, which have impacted PropLogix's ability to request and obtain estoppel certificates from [common interest communities] on behalf of PropLogix's customers," and "Uhlig is so determined to extract a payment from PropLogix—or eliminate PropLogix's business altogether—that it refuses to allow PropLogix to even inform the [common interest communities] of their duty to provide an estoppel certificate.").) PropLogix does not provide an adequate explanation for why it waited five months after it filed its complaint and four more months after making these allegations in its motion to dismiss to seek leave to file its counterclaim, or why it did not assert a counterclaim when it answered the second amended complaint on February 13.

PropLogix points to Uhlig's "new and developing conduct" in requiring PropLogix to complete and submit what PropLogix deems to be an overreaching intake form before Uhlig will allow PropLogix to submit an estoppel certificate request, as well as Uhlig's rejections of PropLogix's form submissions and of its requests to use a different method than the intake form. (ECF 52 ¶¶ 19-22, 25, at 4-6.) PropLogix also points to the customer loss it learned about "in the past month" that resulted from Uhlig's actions. (*Id.* ¶ 23.) PropLogix's explanation is inadequate for a couple of reasons. First, each count of PropLogix's counterclaim is focused on Uhlig's

November 2022 conduct in restricting PropLogix from using Uhlig's websites to order estoppel certificates. (ECF 52-1, at 24-29.) Second, even if the counterclaim is also based on Uhlig's more recent actions regarding the intake form, PropLogix has been aware of the intake form since December 2, 2022. (ECF 54-2.) So Uhlig's intake form requirement is not "new" and PropLogix should have known many months ago of the possible consequences, including its customers' unhappiness with the form. Therefore, the court finds that PropLogix unduly delayed in moving the court for leave to amend to assert its counterclaim.

Nevertheless, PropLogix's delay does not constitute undue delay sufficient to deny its motion to amend because the delay here has not placed "an unwarranted burden on the court" or prejudiced Uhlig by "placing an unfair burden" on it. *Minter*, 451 F.3d at 1205. Uhlig has adequate time and opportunity to prepare its defenses to PropLogix's proposed counterclaim. Discovery does not close until November 20, so the parties have more than five months to conduct discovery into the new allegations. (ECF 42, at 2.) The pretrial conference and dispositive motion deadline are scheduled for December and January, and trial is over a year away. (*Id.*) And although PropLogix has filed a motion for a temporary restraining order and a preliminary injunction predicated on these counterclaims, Uhlig already has had and will continue to have a full and fair opportunity to oppose that motion, including pointing out that PropLogix's delay in waiting so long to seek relief undermines any claim of irreparable harm. (ECF 62, at 13.) So the court is unpersuaded that Uhlig will be unfairly prejudiced if the amendment is allowed. Moreover, allowing the amendment will ultimately promote the interests of judicial economy by allowing all claims between the parties to be resolved in one case instead of two, and also thereby avoid the risk of generating inconsistent results in two separate cases.

Next, the court turns to Uhlig's contention that the amendment would be futile. A court may deny a motion to amend as futile "if the proposed amendment could not have withstood a motion to dismiss or otherwise fail[s] to state a claim." *Schepp v. Fremont Cty., Wyo.*, 900 F.2d 1448, 1451 (10th Cir. 1990). When analyzing a motion to dismiss, a court must "assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009). "[D]isputes over material issues of fact cannot be resolved on a motion to dismiss . . . but must be reserved for resolution at trial by the appropriate trier." 5 ARTHUR R. MILLER ET AL., FEDERAL PRACTICE & PROCEDURE § 1277 (3d ed. 2019). Here, Uhlig's futility argument rests on its contention that "PropLogix cannot establish an unqualified right to order estoppel certificates from Uhlig." (ECF 60, at 10-11.) But assuming the truth of the facts pleaded in PropLogix's proposed counterclaim and drawing all reasonable inferences in PropLogix's favor, Uhlig's alleged conduct may violate the Florida statutes cited in PropLogix's counterclaim. For example, the language of those statutes does not clarify what steps Uhlig may or may not take to confirm that PropLogix is operating as the parcel owner's "designee" in requesting the estoppel certificate, and neither party has cited any binding law on that issue. For these reasons and others, the court cannot find the proposed counterclaims are necessarily futile at this early procedural juncture.

In sum, PropLogix has demonstrated good cause under Rule 16 for failing to move to amend prior to the April 17 deadline because it would be unfair to hold PropLogix to a deadline that was not in place at the time it filed its initial motion relating to its counterclaim. And Uhlig, as the party opposing the motion to amend, has not met its burden to demonstrate why the amendment should not be permitted under Rule 15(a)(2).

**IT IS THEREFORE ORDERED** that Defendant PropLogix, LLC's Motion for Leave to File First Amended Answer to Plaintiffs' Second Amended Complaint (ECF 52) is granted. PropLogix is directed to file its proposed pleading within two business days.

**IT IS SO ORDERED.**

Dated June 12, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
