IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UHLIG LLC d/b/a CONDOCERTS™ and d/b/a WELCOMELINK®,** )<br>)<br>) | |
| **Plaintiff,** ) | CIVIL ACTION |
| v. )<br>) | No. 22-2475-KHV |
| **PROPLOGIX, LLC,** )<br>) | |
| **Defendant.** )<br>) | |

## MEMORANDUM AND ORDER

This matter is before the Court on <u>Plaintiff's Motion To Seal Declaration Of Mark A. Uhlig And File Redacted Version Publicly</u> (Doc. #89) filed July 13, 2023 and <u>Plaintiff's Motion To Seal Declaration Of Mark A. Uhlig In Support Of Motion For Temporary Restraining Order And Preliminary Injunction And File Redacted Version Publicly</u> (Doc. #97) filed July 19, 2023.  For reasons stated below, the Court overrules plaintiff's motions.

Federal courts have long recognized a common-law right of access to judicial records. <u>Mann v. Boatright</u>, 477 F.3d 1140, 1149 (10th Cir. 2007).  This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution.  <u>See</u> <u>Nixon v. Warner Commc'ns</u>, 435 U.S. 589, 599 (1978); <u>Crystal Grower's Corp. v. Dobbins</u>, 616 F.2d 458, 461 (10th Cir. 1980).  The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents.  <u>Colony Ins. Co. v. Burke</u>, 698 F.3d 1222, 1241 (10th Cir. 2012).  To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process.  <u>Id.</u>; see <u>Gulf Oil Co. v. Bernard</u>, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular

and specific facts, not merely "stereotyped and conclusory statements"). The Court must rely on specific, rather than general, information when deciding to seal. See United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020).

Plaintiff argues that its various customer agreements are "proprietary forms" and that its "competitors would derive an advantage by seeing and potentially copying its forms, the method by which it reports information, and the general methods by which Uhlig drafts customer agreements and does business." Plaintiff's Motion To Seal Declaration Of Mark A. Uhlig And File Redacted Version Publicly (Doc. #89) at 2 (competitors will receive advantage if they receive all this information in readily accessible format). Plaintiff concedes that "it is possible that some of the information is available to some competitors." Id. Plaintiff does not explain precisely how competitors can obtain this information, but it apparently provides access to all of these proprietary forms when a customer submits an order on its website. The Court recognizes that the public and specifically competitors may have easier access to these forms if plaintiff does not file them under seal. Even so, on balance, plaintiff has not shown how its interest in making it slightly more difficult for competitors to access its proprietary forms outweighs the public interest in access to the materials that form part of the basis of this lawsuit. See Colony Ins., 698 F.3d at 1242. The Court therefore overrules plaintiff's motions to seal.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Seal Declaration Of Mark A. Uhlig And File Redacted Version Publicly (Doc. #89) filed July 13, 2023 and Plaintiff's Motion To Seal Declaration Of Mark A. Uhlig In Support Of Motion For Temporary Restraining Order And Preliminary Injunction And File Redacted Version Publicly (Doc. #97) filed July 19, 2023 are **OVERRULED**.

-3-

Dated this 27th day of July, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
