### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UHLIG LLC d/b/a CONDOCERTS™ and d/b/a WELCOMELINK® <br><br> Plaintiff, <br><br> v. <br><br> PROPLOGIX, LLC <br><br> Defendant. | Case No. 2:22-cv-02475-KHV-ADM |

### PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES
### TO DEFENDANT PROPLOGIX'S COUNTERCLAIM

Plaintiff Uhlig LLC d/b/a CondoCerts™ and WelcomeLink® ("Uhlig"), by and through its attorneys, hereby answers Defendant PropLogix, LLC ("PropLogix") Counterclaim.

### PARTIES, JURISDICTION AND VENUE

1. Paragraph 1 states a legal argument and/or conclusion to which no response is required. To the extent a response is deemed to be required, Uhlig denies the allegations of Paragraph 1.

2. Uhlig admits the allegations of Paragraph 2.

3. Uhlig admits the allegations of Paragraph 3.

4. Upon information and belief, Uhlig admits the allegations of Paragraph 4.

5. Uhlig does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 and denies those allegations on that basis.

6. Uhlig does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 and denies those allegations on that basis.

7. Paragraph 7 sets forth a legal conclusion to which no response is required. To the extent a response is deemed to be required, Uhlig admits the allegations of Paragraph 7.

1

8. Paragraph 8 sets forth a legal conclusion to which no response is required. To the extent a response is deemed to be required, Uhlig admits the allegations of Paragraph 8.

9. Paragraph 9 sets forth a legal conclusion to which no response is required. To the extent a response is deemed to be required, Uhlig admits the allegations of Paragraph 9.

## FACTUAL ALLEGATIONS

10. Uhlig admits that estoppel certificates are prepared in connection with the sale of real estate and can be referred to by different names, including the names in Paragraph 10. Uhlig denies the remaining allegations of Paragraph 10.

11. Uhlig admits that an estoppel certificate may contain the information identified in Paragraph 11. Uhlig denies the remaining allegations of Paragraph 11.

12. The first sentence of Paragraph 12 sets forth a legal conclusion to which no response is required. Uhlig does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 12 and denies those allegations on that basis.

13. Uhlig admits that it operates CondoCerts.com and WelcomeLink.com. In further response, Uhlig denies that the allegations of Paragraph 13 accurately characterize the type of use, and type of users, of its websites.

14. Paragraph 14 sets forth a legal conclusion to which no response is required. To the extent a response is deemed to be required, Uhlig admits that Florida statutes allow authorized agents and authorized representatives of the CIC or its property management company to complete estoppel certificates. Uhlig denies the remaining allegations of Paragraph 14.

15. Uhlig admits that many CICs within Florida, either directly or through their

management companies, have authorized Uhlig to act as their agent or representative to respond to requests for estoppel certificates. Uhlig denies the remaining allegations of Paragraph 15.

16.     Paragraph 16 sets forth a legal conclusion to which no response is required. To the extent a response is deemed to be required, Uhlig admits that Florida statutes require the authorized agent or representative of the CIC or its property management company to provide an estoppel certificate within ten (10) days of receiving a request from a statutorily authorized requestor. Uhlig denies the remaining allegations of Paragraph 16.

17.     Paragraph 17 sets forth a legal conclusion to which no response is required. To the extent a response is deemed to be required, Uhlig denies that the allegations of Paragraph 17, which do not accurately describe Florida law.

18.     Uhlig does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 and denies those allegations on that basis.

18.     [sic] Uhlig does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 and denies those allegations on that basis.

19.     Uhlig does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 and denies those allegations on that basis. Answering further, PropLogix has never provided evidence to support these allegations.

20.     Uhlig does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 and denies those allegations on that basis.

21.     Uhlig does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 and denies those allegations on that basis.

22.     Uhlig does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 and denies those allegations on that basis.

23. Uhlig does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 and denies those allegations on that basis.

24. Uhlig does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 and denies those allegations on that basis.

25. Uhlig does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 and denies those allegations on that basis.

26. Uhlig does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 and denies those allegations on that basis.

27. Uhlig admits the allegations of Paragraph 27 except denies the phrase "in this regard," which has no context.

28. Uhlig does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 and denies those allegations on that basis. Answering further, PropLogix has never provided evidence to support these allegations.

29. Uhlig denies the allegations in Paragraph 29 based, in part, on the inability to discern what the "above-described fee" references and the lack of any indication of what is referenced by "services furnished."  In further response, Uhlig does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 29 and denies those allegations on that basis.

30. Uhlig denies the allegations of Paragraph 30.

31. Uhlig does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 and denies those allegations on that basis. Answering further, PropLogix has never provided evidence to support these allegations.

32. Uhlig denies the allegations of Paragraph 32.

4865-9350-0540.1

33. Uhlig denies the allegations of Paragraph 33.

34. Uhlig denies the allegations of Paragraph 34.

35. Uhlig denies the allegations of Paragraph 35.

36. Uhlig denies the allegations of Paragraph 36.

37. Uhlig denies the allegations of Paragraph 37.

38. Uhlig denies the allegations of Paragraph 38.

39. Paragraph 39 sets forth a legal conclusion to which no response is required. To the extent a response is deemed to be required, Uhlig denies the allegations of Paragraph 39.

40. Uhlig denies the allegations of Paragraph 40.

41. Uhlig denies the allegations of Paragraph 41.

42. Uhlig denies the allegations of Paragraph 42.

43. Uhlig denies the allegations of Paragraph 43.

44. Uhlig denies the allegations of Paragraph 44.

45. Uhlig denies the allegations of Paragraph 45.

46. Uhlig denies the allegations of Paragraph 46.

47. Uhlig denies the allegations of Paragraph 47.

48. Uhlig denies the allegations of Paragraph 48.

49. Uhlig denies the allegations of Paragraph 49.

50. Uhlig denies the allegations of Paragraph 50.

51. Uhlig denies the allegations of Paragraph 51.

52. Uhlig does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 and denies those allegations on that basis.

53. Uhlig does not have sufficient knowledge or information to form a belief as to the

truth of the allegations in Paragraph 53 and denies those allegations on that basis.

54. Uhlig does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 and denies those allegations on that basis.

55. Uhlig does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55 and denies those allegations on that basis.

56. Uhlig does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 and denies those allegations on that basis.

57. Uhlig does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57 and denies those allegations on that basis.

58. Uhlig does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58 and denies those allegations on that basis.

59. Uhlig denies the allegations of Paragraph 59.

60. Uhlig denies the allegations of Paragraph 60.

61. Uhlig denies the allegations of Paragraph 61.

62. Uhlig denies the allegations of Paragraph 62.

63. Uhlig denies the allegations of Paragraph 63.

64. Uhlig denies the allegations of Paragraph 64.

## COUNT I
### Tortious Interference with Business Relationships

65. Paragraph 65 does not contain an allegation requiring a response. To the extent that a response is deemed to be required, Uhlig denies the same.

66. Uhlig does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 and denies those allegations on that basis.

67. Uhlig does not have sufficient knowledge or information to form a belief as to the

4865-9350-0540.1

truth of the allegations in Paragraph 67 and denies those allegations on that basis.

68. Uhlig denies the allegations of Paragraph 68.

69. Uhlig denies the allegations of Paragraph 69.

70. Uhlig denies the allegations of Paragraph 70.

71. Uhlig denies the allegations of Paragraph 71.

72. Uhlig denies the allegations of Paragraph 72.

73. Uhlig denies the allegations of Paragraph 73.

74. Uhlig denies the allegations of Paragraph 74.

75. Uhlig denies the allegations of Paragraph 75.

76. Uhlig denies the allegations of Paragraph 76.

77. Uhlig denies the allegations of Paragraph 77.

## COUNT II
**Violations of the Florida Deceptive and Unfair Trade Practices Act, Florida Statute § 501.201,** *et. seq.*

78. Paragraph 78 does not contain an allegation requiring a response. To the extent that a response is deemed to be required, Uhlig denies the same.

79. Paragraph 79 sets forth a legal conclusion to which no response is required. To the extent a response is deemed to be required, Uhlig admits the allegations of Paragraph 79.

80. Paragraph 80 sets forth a legal conclusion to which no response is required. To the extent a response is deemed appropriate, Uhlig denies the allegations of Paragraph 80.

81. Paragraph 81 sets forth a legal conclusion to which no response is required. To the extent a response is deemed appropriate, Uhlig denies the allegations of Paragraph 81.

82. Paragraph 82 sets forth a legal conclusion to which no response is required. To the extent a response is deemed appropriate, Uhlig denies the allegations of Paragraph 82.

7

83. Uhlig denies the allegations of Paragraph 83.

84. Uhlig denies the allegations of Paragraph 84.

85. Uhlig denies the allegations of Paragraph 85.

86. Uhlig denies the allegations of Paragraph 86.

87. Uhlig denies the allegations of Paragraph 87.

88. Uhlig denies the allegations of Paragraph 88.

89. Uhlig denies the allegations of Paragraph 89.

90. Uhlig denies the allegations of Paragraph 90.

91. Uhlig denies the allegations of Paragraph 91.

92. Uhlig denies the allegations of Paragraph 92.

93. Uhlig denies the allegations of Paragraph 93.

94. Paragraph 94 sets forth a legal conclusion to which no response is required. To the extent a response is deemed to be required, Uhlig denies the allegations of Paragraph 94.

## COUNT III
### Declaratory Judgment Pursuant to 28 U.S.C. § 2201

95. Paragraph 95 does not contain an allegation requiring a response. To the extent that a response is deemed to be required, Uhlig denies the same.

96. Paragraph 96 does not contain an allegation requiring a response. To the extent that a response is deemed to be required, Uhlig admits the same, denying however that the italicized words are italicized in the statute.

97. Uhlig denies the allegations of Paragraph 97.

98. Uhlig denies the allegations of Paragraph 98.

99. Uhlig denies the allegations of Paragraph 99.

100. Uhlig denies the allegations of Paragraph 100.

101. Paragraph 101 sets forth a legal conclusion to which no response is required. To the extent a response is deemed to be required, Uhlig denies the allegations of Paragraph 101.

## **AFFIRMATIVE DEFENSES**

Uhlig sets forth below its defenses and affirmative defenses. Each defense and affirmative defense is asserted as to all claims made against Uhlig. By setting forth these defenses and affirmative defenses, Uhlig does not assume the burden of proving any fact, issue, or element of a claim where such burden properly belongs to PropLogix. Uhlig also reserves the right to assert additional defenses and affirmative defenses as they become known or as they evolve during litigation.

## **FIRST AFFIRMATIVE DEFENSE**

PropLogix's claims are barred by the applicable statutes of limitations.

## **SECOND AFFIRMATIVE DEFENSE**

PropLogix's claims are barred by the applicable one-year contractual limitations periods.

## **THIRD AFFIRMATIVE DEFENSE**

PropLogix's claims are barred by the doctrine of unclean hands.

## **FOURTH AFFIRMATIVE DEFENSE**

PropLogix's claims are barred, in whole or in part, by the doctrine of waiver.

## **FIFTH AFFIRMATIVE DEFENSE**

PropLogix's claims are barred by the doctrine of estoppel.

## **SIXTH AFFIRMATIVE DEFENSE**

PropLogix's claims are barred by contractual limitations clauses concerning the nature of relief that may be sought and obtained, which is limited to a claim relating to a specific order.

**SEVENTH AFFIRMATIVE DEFENSE**

PropLogix's claims are barred by contractual limitations clauses disclaiming liability for certain types of damages, including but not limited to damages that are directly or indirectly related to the loss of use or inability to use Uhlig's websites and limiting liability to the amount paid for a specific order.

**EIGHTH AFFIRMATIVE DEFENSE**

PropLogix's claims are barred by contractual integration clauses in which PropLogix disclaimed application of any agreement other than the Terms of Use, other click-wrap agreements to which PropLogix agreed, and any written agreement physically signed by both PropLogix and Uhlig.

**NINTH AFFIRMATIVE DEFENSE**

PropLogix's claims are barred by other contractual limitations clauses concerning the terms under which information is provided.

**TENTH AFFIRMATIVE DEFENSE**

PropLogix's claims are barred by its own breach of the Terms of Use and other Uhlig contracts.

**ELEVENTH AFFIRMATIVE DEFENSE**

PropLogix's claims are barred by the express disclaimer in the Terms of Use and other Uhlig contracts of any fiduciary relationship or duty.

**TWELTH AFFIRMATIVE DEFENSE**

PropLogix's claims are barred by its own representations when registering on the Uhlig websites that it was a valid participant in a real estate transaction (*e.g.*, a mortgage lender, closing agent, title agent, buyer, seller, etc.).

**ADDITIONAL AFFIRMATIVE DEFENSES**

Uhlig reserves its right to assert additional affirmative defenses based on information gathered in the course of additional investigation and discovery.

WHEREFORE, having fully responded to Defendant PropLogix, LLC Counterclaim, Plaintiff Uhlig LLC d/b/a CondoCerts™ and WelcomeLink® prays that judgment enter in its favor and against PropLogix on all claims for relief asserted against it in the Counterclaim, that all claims for relief asserted against Uhlig in the Counterclaim be dismissed *with* prejudice, for an award of costs and attorney fees, and for any such other and further relief the Court deems just and proper under the circumstances.

Respectfully submitted this 8th day of September, 2023.

KUTAK ROCK LLP

*s/ Juliet A. Cox*
Juliet A. Cox, KS Bar #17016
Two Pershing Square
2300 Main Street, Suite 800
Kansas City, MO 64108
Tel: (816) 960-0090
Fax: (816) 960-0041
Juliet.Cox@kutakrock.com

Thomas W. Snyder, CO Bar #33106
Heather N. Tilley, CO Bar #54149
(*admitted pro hac vice*)
KUTAK ROCK LLP
2001 16th Street, Suite 1800
Denver, CO 80202
Tel: (303) 297-2400
Thomas.Snyder@kutakrock.com
Heather.Tilley@kutakrock.com

***ATTORNEYS FOR PLAINTIFF
UHLIG LLC d/b/a CONDOCERTS™ and
d/b/a WELCOMELINK®***

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September, 2023, I electronically filed the foregoing **PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT PROPLOGIX'S COUNTERCLAIM** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

>Jordon T. Stanley, #21990
>James C. Morris, #78900
>GORDON REES SCULLY MANSUKHANI, LLP
>211 North Broadway, Suite 2150
>St. Louis, MO 63102
>Tel: (314) 961-6686
>jtstanley@grsm.com
>jmorris@grsm.com
>
>*Counsel for Defendant PropLogix, LLC*

*s/ Juliet A. Cox*
*ATTORNEYS FOR PLAINTIFF*
*UHLIG LLC d/b/a CONDOCERTS™ and*
*d/b/a WELCOMELINK®*
