IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UHLIG, LLC d/b/a CONDOCERTS<sup>TM</sup> and WELCOMELINK®,<br><br>      Plaintiff,<br>v.<br><br>PROPLOGIX, LLC,<br><br>      Defendant. | CIVIL ACTION<br><br>No. 22-2475-KHV |

**MEMORANDUM AND ORDER**

Uhlig LLC d/b/a CondoCerts$^{TM}$ and d/b/a WelcomeLink® brings suit against PropLogix, LLC. On October 3, 2023, the Court held an evidentiary hearing on Plaintiff's Motion For Temporary Restraining Order And Preliminary Injunction (Doc. #93) filed July 19, 2023 and PropLogix's Second Amended Motion For Temporary Restraining Order And Preliminary Injunction And Permanent Injunction (Doc. #119) filed September 1, 2023. At the conclusion of the hearing, counsel announced that the parties had reached an agreement which resolved the pending motions for injunctive relief. After counsel stated the specific terms of the agreement and the parties confirmed their agreement to those terms, the Court directed the parties to submit an agreed proposed preliminary injunction order which memorialized the agreement stated on the record. This matter is now before the Court on Plaintiff's Motion To Enter Injunction As Stipulated On The Record (Doc. #160) filed October 16, 2023, which alternatively seeks an order which directs the parties to comply with the oral agreement as stated at the hearing. For reasons stated below, the Court sustains plaintiff's alternative request, directs the parties to comply with the oral agreement and overrules as moot both parties' motions for injunctive relief.

The parties are at an impasse on how to memorialize in an agreed written injunction the

terms of their oral agreement.  PropLogix insists that some additional terms—or at least additional language—should be added "in keeping with the record and appropriate to protect both Parties' interests in this action."  PropLogix's Proposed Preliminary Injunction Order (Doc. #158) filed October 16, 2023 at 1.  Uhlig insists that the written injunction should not include terms and conditions that were not part of the stipulation placed on the record.  See Plaintiff's Motion To Enter Injunction As Stipulated On The Record (Doc. #160) at 3.  Neither party has submitted a proposed injunction which is agreed, states exactly the terms stated on the record or purports to satisfy the requirements of Rule 65, Fed. R. Civ. P.  See, e.g., Fed. R. Civ. P. 65(d)(1)(B)–(C) (every order granting injunction must state its terms specifically and describe in reasonable detail—and not by referring to complaint or other document—act or acts restrained or required).

   Counsel for both parties certainly anticipated that they could agree on a written injunction, but neither party stated that the oral agreement required a written order or injunction.  At this stage, neither party asserts that its oral agreement at the hearing is unenforceable or that the terms stated at the hearing would not fully resolve their competing requests for injunctive relief.  Indeed, based on the statements of counsel and the party representatives at the hearing, the Court concludes that the parties reached an enforceable oral agreement to resolve the pending motions for injunctive relief and do business as stated at the hearing pending a final judgment in this matter.  See O'Neill v. Herrington, 49 Kan. App. 2d 896, 905, 317 P.3d 139, 146 (2014) (fact that parties contemplate subsequent execution of formal instrument as evidence of agreement does not necessarily imply they have not already bound themselves to definite and enforceable contract) (citing Phillips & Easton Supply Co., Inc. v. Eleanor Int'l, Inc., 212 Kan. 730, 735, 512 P.2d 379 (1973)); Southwest & Assocs., Inc. v. Steven Enters., 32 Kan. App. 2d 778, 781, 88 P.3d 1246, 1249 (2004) (focus not on question whether subjective minds of parties met, but on whether their outward expression

of assent sufficient to form contract) (citing 1 Lord, Williston on Contracts § 4:1, p. 241 (1990)). Because the parties have not presented an agreed written injunction, the Court declines to enter an injunction but directs the parties to comply with their oral agreement.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Enter Injunction As Stipulated On The Record (Doc. #160) filed October 16, 2023 is **SUSTAINED in part**.  **The Court directs the parties to comply with the oral agreement as stated at the hearing in this matter on October 3, 2023.  Plaintiff's motion is otherwise overruled**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Temporary Restraining Order And Preliminary Injunction (Doc. #93) filed July 19, 2023 is **OVERRULED as moot**.

**IT IS FURTHER ORDERED** that PropLogix's Second Amended Motion For Temporary Restraining Order And Preliminary Injunction And Permanent Injunction (Doc. #119) filed September 1, 2023 is **OVERRULED as moot**.

Dated this 26th day of October, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge