IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UHLIG LLC d/b/a CONDOCERTS™ and d/b/a WELCOMELINK®,  )<br>)<br>Plaintiff,  )<br>v.  )<br>)<br>PROPLOGIX, LLC,  )<br>)<br>Defendant.  )<br>)  | CIVIL ACTION<br><br>No. 22-2475-KHV |

## MEMORANDUM AND ORDER

This matter is before the Court on <u>PropLogix's Motion To Seal Documents In Support Of Its Emergency Motion To Enforce Preliminary Injunction Order</u> (Doc. #175) filed November 1, 2023 and <u>Plaintiff's Motion To Seal Documents In Support Of Its Opposition To Defendant's Motion To Enforce Preliminary Injunction Order</u> (Doc. #185) filed November 3, 2023. For reasons stated below, the Court overrules both motions.

Federal courts have long recognized a common-law right of access to judicial records. <u>Mann v. Boatright</u>, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. <u>See</u> <u>Nixon v. Warner Commc'ns</u>, 435 U.S. 589, 599 (1978); <u>Crystal Grower's Corp. v. Dobbins</u>, 616 F.2d 458, 461 (10th Cir. 1980). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. <u>Colony Ins. Co. v. Burke</u>, 698 F.3d 1222, 1241 (10th Cir. 2012). To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process. <u>Id.</u>; see <u>Gulf Oil Co. v. Bernard</u>, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular

and specific facts, not merely "stereotyped and conclusory statements"). The Court must rely on specific, rather than general, information when deciding to seal. See United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020).

Uhlig seeks to seal Exhibits A, C, D, E and F to Plaintiff's Opposition To PropLogix's Motion To Enforce (Doc. #178) because PropLogix designated these documents as confidential under the Protective Order (Doc. #69) filed June 8, 2023. The fact that a party designated documents "confidential" under the protective order does not in itself provide sufficient reason to seal. Armstrong v. Ennis Bus. Forms of Kan., Inc., No. 21-2258-KHV, 2022 WL 3081326, at *1 (D. Kan. Aug. 3, 2022). The protective order states that "[n]othing in this Order will be construed as a prior directive to allow any document to be filed under seal." Protective Order (Doc. #69) at 6. Further, the mere designation of information as confidential "is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets." Id.; see id. at 3 (order "will be strictly construed in favor of public disclosure and open proceedings wherever possible"); see also Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011) (parties cannot overcome presumption against sealing simply by showing records are subject to protective order). Because neither party has addressed why Exhibits A, C, D, E and F to Uhlig's memorandum should be sealed, the Court overrules Uhlig's motion to seal these exhibits.

Both parties seek to file under seal the forms that PropLogix completed for orders of estoppel certificates from Uhlig. See Exhibit 2 to PropLogix's Suggestions In Support Of Emergency Motion To Enforce Preliminary Injunction Order (Doc. #172) filed November 1, 2023; Exhibits G, J and K to Plaintiff's Opposition To PropLogix's Motion To Enforce (Doc. #178). PropLogix argues that the forms contain "confidential and sensitive information including its fees and the identities of parcel owners on whose behalf PropLogix is acting." PropLogix's Motion To

<u>Seal Documents In Support Of Its Emergency Motion To Enforce Preliminary Injunction Order</u> (Doc. #175) at 1.  Neither party has shown that the identities of the parcel owners are confidential or that this information is not otherwise readily available in public records.  PropLogix apparently asserts that it will suffer serious competitive injury in the marketplace if the Court does not seal the order forms, but it fails to explain how any competitor could gain such a competitive advantage from access to the forms.   Likewise, Uhlig does not specify why the order forms are "confidential and proprietary."   <u>Plaintiff's Motion To Seal Documents In Support Of Its Opposition To Defendant's Motion To Enforce Preliminary Injunction Order</u> (Doc. #185) at 1.  The Court recognizes that the public and competitors may have easier access to these forms if the parties do not file them under seal.  Even so, on balance, the parties have not shown how their interests in making it slightly more difficult for competitors to access the information on these forms outweighs the public interest in access to the materials that form part of the basis of this lawsuit. <u>See</u> <u>Colony Ins.</u>, 698 F.3d at 1242.

On this record, the parties have not met the heavy burden to articulate a real and substantial interest which justifies depriving the public access to records which inform the Court's decision-making process.  <u>See</u> <u>id.</u> (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption of public access).  For these reasons, the Court overrules the parties' motions to file documents under seal. <u>See</u> <u>United States v. Carter</u>, No. 12-20066-38-KHV, 2020 WL 4673213, at *1 (D. Kan. Aug. 12, 2020) ("The Court's constitutional duties do not include asserting arguments for sealing records or ferreting out authorities and identifying factors which are necessary for it to conduct the nuanced balancing of the public's right of access against defendant's interest in non-disclosure.").

**IT IS THEREFORE ORDERED** that <u>PropLogix's Motion To Seal Documents In</u>

Support Of Its Emergency Motion To Enforce Preliminary Injunction Order (Doc. #175) filed November 1, 2023 and Plaintiff's Motion To Seal Documents In Support Of Its Opposition To Defendant's Motion To Enforce Preliminary Injunction Order (Doc. #185) filed November 3, 2023 are **OVERRULED**.

Dated this 1st day of December, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge