AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Kansas

| | | |
|---|---|---|
| UHLIG LLC d/b/a CONDOCERTS™ and d/b/a WELCOMELINK® | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:22-cv-02475-KHV-ADM |
| PROPLOGIX, LLC | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: BOSTON NATIONAL TITLE AGENCY

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE EXHIBIT A ATTACHED HERETO.

| Place: Kutak Rock LLP at 107 West College Avenue, Tallahasee, Florida 32301 | Date and Time: 01/05/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/14/2023

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | s/ Juliet A. Cox |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* UHLIG LLC UHLIG LLC d/b/a CONDOCERTS™ and d/b/a WELCOMELINK® , who issues or requests this subpoena, are:
Juliet A. Cox, KUTAK ROCK LLP, 2300 Main St., #800, Kansas City, MO 64108; 816-960-0099; juliet.cox@kutakrock.com, and Thomas W. Snyder, KUTAK ROCK LLP, 1801 California St., #3000, Denver, CO 80202; 303-297-2400; (thomas.snyder@kutakrock.com)

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-02475-KHV-ADM

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

The following terms shall be defined as follows:

1. **"You" and "Your"** shall mean Boston National Title Agency, and any affiliates, predecessors, agents and employees of the same.

2. "**Alteration**" means any change, alteration, substitution, redaction, deletion, insertion, concealment, augmentation or other manipulation of information in a document, including but not limited to a signed or executed form, with the purpose or effect of changing the document's appearance, meaning, and/or legal significance.

3. "**Applicable Law**" means all statutes, laws, rules and regulations governing or applicable to Your business, estoppel certificates, estoppel services, Common Interest Communities, NPI, Community Information and the real estate settlement process, including but not limited to the Gramm-Leach-Bliley Act and the Real Estate Settlement Procedures Act.

4. "**Communication(s)**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) verbally or in writing (including electronically).

5. "**Common Interest Community**" means a common interest residential community, including but not limited to a homeowner association, condominiums, co-op, or similar community, wherein the deed to property is encumbered by certain obligations to the common community.

6. "**Community Information**" means information, NPI and Documents of any kind related to a Common Interest Community, together with information, Documents and NPI of any kind regarding the residents, homeowners, residential units, mortgagees, vendors, management agents, staff, and other persons and entities related to that community, including but not limited to estoppel certificates, account information, amounts due, payment information, mortgage questionnaires, assessments, special assessments, collections, liens, payoff letters, closing

documents, settlement documents, correspondence, violations, covenants, restrictions, articles of incorporation, and similar data, Documents or information.

6. "**Documents**" shall be defined in its broadest sense under Fed. R. Civ. P. 34 and shall include all means of media used for representation, exemplification, depiction, illustration or preservation of data or information and as otherwise described in Fed. R. Civ. P. 34, including data stored solely in an electronic or digital form such as e-mail. The term shall mean the originals and best available copies and drafts (whether different because of notes made thereon or otherwise, and whether executed or unexecuted) of all printed, typewritten or handwritten matter or reproduction thereof, of whatever character or other graphic matter of any kind or nature. Each non-identical copy of a Document shall be considered a separate Document for purposes of these requests. The term Document(s) includes Communications.

7. The "**Lawsuit**" means Uhlig LLC d/b/a CondoCerts™ and WelcomeLink® v. PropLogix, LLC, Case No. 2:22-cv-02475, pending in the United States District Court for the District of Kansas.

8. "**Nonpublic Personal Information**" or "**NPI**" has the meaning provided by 15 USC 6809(4)(A).

9. "**PropLogix**" means PropLogix, LLC, and/or any of its employees, officers, agents, affiliates, contractors, aliases or proxies, including but not limited to the persons and entities set forth in Appendix A, attached.

10. "**Uhlig**" means Uhlig LLC, directly or through its brands CondoCerts™ and WelcomeLink®, together with the professional management companies and community associations it represents.

11. "**User Agreements**" means the agreements that a user or registrant must accept in order to gain access to, register a user account with, and purchase estoppel information, NPI or other Community Information through, the website ordering platforms that are maintained and operated by Uhlig.

12. **"Your Clients"** means any buyer, seller, realtor, lender or other participant in a real estate transaction or financing on whose behalf You are acting, providing a service, or providing a product, including but not limited to title insurance, to facilitate the closing of the same.

## DOCUMENTS TO BE PRODUCED

1. Documents sufficient to establish the nature of Your relationship with each of the entities or persons set forth in Appendix A, and whether You have designated, authorized or appointed or retained such entity or person to act on Your behalf in ordering estoppel certificates, NPI or other Community Information from Uhlig.

2. All Documents authorizing or related to designating, authorizing, appointing or retaining PropLogix to act on Your behalf, whether as an agent, contractor, vendor or in any other capacity, in obtaining an estoppel certificate, NPI or other Community Information from Uhlig from June 1, 2016, through the present.

3. All Documents authorizing PropLogix to designate, authorize, appoint or retain other third parties, including but not limited to the persons and/or entities set forth in Exhibit A, to act on Your behalf, whether as an agent, subagent, vendor, contractor or in any other capacity, in obtaining an estoppel certificate, NPI or other Community Information from Uhlig from June 1, 2016, through the present.

4. All Documents related to any instructions that You gave to PropLogix, or restrictions that You placed or purported to have placed upon PropLogix, regarding its actions on Your behalf, whether as an agent, vendor, contractor or in any other capacity, including but not limited to instructions or restrictions related to:

a. Obtaining estoppel certificates, NPI or other Community Information from third parties, including Uhlig;

b. Compliance with Applicable Law;

c. Retention, use, sale and/or transfer of NPI or other Community Information obtained from third parties, including Uhlig;

d. Alteration of Documents signed, or submitted to You, by Your Clients or their authorized representatives;

e. Attempts to disguise, conceal or misrepresent PropLogix's identity in obtaining NPI and/or Community Information on Your behalf;

f. Alteration of estoppel certificates, NPI, or other Community Information obtained from third parties, including Uhlig;

g. Handling of updates, refunds, cancellations or other modifications of estoppel certificates, estoppel-related services, NPI or other Community Information obtained from Uhlig;

h. Segregation, accounting, identification and disclosure of funds and expenses related to estoppel certificates, estoppel-related services, NPI or other Community Information obtained from Uhlig, including payment of amounts payable at closing;

        i.      Disclosure of the amount and purpose of fees charged for the ordering, preparation and delivery of estoppel certificates, NPI and/or Community Information; and/or

        j.      Solicitation, receipt or payment of gifts, gratuities, kickbacks, payoffs, free labor, free services and/or unearned royalties in relation to estoppel certificates, NPI or other Community Information.

4.      All Closing Statements from June 1, 2016, through the present for properties or transactions for which PropLogix provided or delivered an estoppel certificate, NPI or other Community Information to You that was obtained from Uhlig.

6.      All Documents related to communications between You and PropLogix that mention, refer to or relate to Uhlig, the Lawsuit, or the User Agreements.

7.      All contracts, work orders or other Documents between You and PropLogix requesting or regarding the ordering, provision, preparation and delivery of estoppel certificates, estoppel-related services, NPI or other Community Information from June 1, 2016, through the present.

8.      All invoices received by You from PropLogix for the provision and delivery of estoppel certificates, estoppel-related services or other Community Information obtained from Uhlig from June 1, 2016, through the present.

9.      All Documents and information provided by You to PropLogix for the purpose of obtaining estoppel certificates, estoppel-related services, NPI or other Community Information from Uhlig from June 1, 2016, through the present.

10. All Documents related to updates, refunds, cancellations or other modifications regarding estoppel certificates, estoppel-related services, NPI or other Community Information obtained from Uhlig by PropLogix for properties, transactions or closings handled by You.

11. Documents sufficient to show all amounts paid by You to PropLogix for the provision, preparation and delivery of estoppel certificates, estoppel-related services, NPI or other Community Information obtained from Uhlig from June 1, 2016, through the present.

12. All Documents related to uses of any kind made by You and/or PropLogix of estoppel certificates, estoppel-related services, NPI or other Community Information obtained from Uhlig from June 1, 2016, through the present.

13. All Documents regarding Your policies, procedures, manuals, presentations, slideshows and training documents related to ensuring that Your vendors and agents comply with Applicable Law.

14. All marketing materials, presentations, brochures, correspondence or other Documents provided to You by PropLogix.

15. All Documents or communications related to any audit, review or other action You have engaged in to ensure PropLogix, as Your vendor, contractor and/or agent, is acting in compliance with Applicable Law.

16. All Documents or communications exchanged with Your Clients through which Your Clients authorize You to allow PropLogix to retain, copy, store and/or use, for the benefit of PropLogix, any estoppel certificates, NPI or other Community Information obtained from Uhlig.

17. All Documents or communications exchanged with Your Clients through which Your Clients are made aware of the cost they are paying to obtain estoppel certificates or other Community Information that PropLogix obtains or has obtained from Uhlig.

17. All Documents or communications exchanged with Your Clients through which Your Clients are made aware of and approve obtaining estoppel certificates from a third party, such as PropLogix, and paying a fee to that third party that is greater than the fee charged by the Common Interest Community or its agent(s) for purposes of providing estoppel certificates.

18. All Documents or communications by, between or among You, PropLogix and/or Your Clients regarding restrictions imposed by any state law on fees charged for estoppel certificates or other Community Information.

19. All authorization forms provided to PropLogix by You or Your Clients in their original form.

\#   \#   \#

# APPENDIX A

City Lien Search
Edge World PVT LTD
Estoppels.com
Fast Forward Technologies
Peoples Processing
PrivoCorp
Professional Lien Search
PropLogix
Sandtec PVT LTD
Stellar Innovations
TFG Reports