IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UHLIG LLC d/b/a CONDOCERTS™ and
d/b/a WELCOMELINK®,

    Plaintiff,

v.

PROPLOGIX, LLC,

    Defendant.

Case No. 22-2475-KHV-ADM

# REPORT & RECOMMENDATION[1]

After the court granted plaintiff Uhlig LLC's ("Uhlig") leave to file an amended pleading, Uhlig filed its Third Amended Complaint on December 20, 2023. (ECF 210, 211.) On January 3, 2024, defendant PropLogix, LLC ("PropLogix") then filed its answer to the Third Amended Complaint and counterclaims. (ECF 217.) According to PropLogix, those counterclaims were exactly the same as the counterclaims PropLogix filed on June 14, 2023 (ECF 76). PropLogix simply re-filed its previously asserted counterclaims without asserting any additional grounds for relief, without changing or adding any factual allegations, and without making substantive revisions to any of the existing paragraphs. It merely corrected a few typos. Uhlig does not dispute

---

[1] The court issues this order as a report and recommendation to the district judge because granting PropLogix, LLC's motion to strike Uhlig LLC's amended affirmative defenses is a dispositive ruling in the sense that it has the same effect as an order dismissing a claim (albeit without prejudice). *See* 28 U.S.C. § 636(b)(1)(A); D. KAN. RULE 72.1.1(d); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988) (holding that "motions not designated on their face as one of those excepted in [28 U.S.C. § 636(b)(1)] subsection (A) are nevertheless to be treated as such a motion when they have an identical effect"); *Wilson v. Wal-Mart Stores, Inc.*, No. 07-2263-JWL, 2008 WL 2622895, at *1 (D. Kan. June 30, 2008) (noting "when the magistrate judge's order denies a motion to amend and a claim or defense is not permitted to be asserted in the case, several courts have found such a ruling to be dispositive" (internal citations omitted)).

this. But then when Uhlig filed its answer to PropLogix's counterclaims on January 24, 2024, it filed a revised answer in which it amended its first affirmative defense and asserted eleven additional affirmative defenses. (ECF 228.) This matter now comes before the court on PropLogix's Motion to Strike Uhlig's Unauthorized Affirmative Defenses. (ECF 255.) For the reasons set forth below, the court recommends that the assigned district judge grant PropLogix's motion to strike without prejudice to Uhlig filing a motion for leave to file an amended answer to PropLogix's counterclaims.

PropLogix argues the court should strike the amendments Uhlig made to its affirmative defenses because Uhlig did not obtain PropLogix's consent or obtain leave of court to make the amendments to its affirmative defenses, as is required by Federal Rule of Civil Procedure 15(a)(2). In support, PropLogix relies on this court's decision in *ConvergeOne, Inc. v. Logicalis, Inc.*, No. 22-2151-HLT-ADM, 2022 WL 16736031, at *1 (D. Kan. Nov. 7, 2022). There, the court considered the issue of whether a defendant that timely files an answer to an amended complaint must obtain leave of court to add counterclaims. The court explained that federal courts have adopted varying approaches to this issue, including the so-called "permissive," "moderate," and "uniform" approaches. *Id.* at *2. The court ultimately determined that the uniform approach, "which applies the Rule 15 standard equally to amended complaints and amended (or new) counterclaims," should apply because it is superior to the other approaches. *Id.* at *3. The court therefore recommended that the assigned district judge strike the defendant's counterclaims and allow the defendant to file a motion for leave to file an amended pleading to assert its counterclaims. *Id.* at *3. Following the court's reasoning in *ConvergeOne*, PropLogix now argues that Uhlig's new affirmative defenses should be stricken because Uhlig did not seek leave to include them.

In response, Uhlig attempts to distinguish *ConvergeOne* on the basis that it involved new counterclaims, not affirmative defenses.  This argument is unpersuasive for at least two reasons.  First and foremost, the Rule 15(a) standard for requiring leave (or consent) to amend does not distinguish between claims for relief (such as counterclaims) and affirmative defenses.  It says that "a party may amend its **pleading** once as a matter of course" under certain circumstances not present here and, thereafter, "a party may amend its **pleading** only with the opposing party's consent or the court's leave."  Fed. R. Civ. P. 15(a) (emphasis added).  So Uhlig's attempted distinction has no basis in the plain language of the rule.

Second, the procedural posture here illustrates why the court decided to adopt and apply the "uniform" approach in *ConvergeOne*—most obviously, it "prevent[s] a party from asserting new counterclaims that are made in bad faith, cause undue delay or prejudice, are futile, [etc.]." 2022 WL 16736031, at *3.  In other words, it prevents the party that seeks to amend from circumventing an opposing party's opportunity to challenge the proposed amendment on legitimate grounds.  That is exactly what PropLogix complains has occurred here.  According to PropLogix, it "has been deprived of the opportunity to present Rule 15 arguments in opposition to the additional affirmative defenses."  (ECF 255, at 3.)  PropLogix contends, for example, that several of the new affirmative defenses were ostensibly available to Uhlig when it filed the case and "undue delay alone is sufficient reason to deny a motion for leave to amend."  (ECF 266, at 2.)  PropLogix therefore contends that, at the very least, it should have the opportunity to fully brief this issue as it would have if Uhlig had filed a proper Rule 15 motion.  These concerns are particularly animated here, where PropLogix essentially did nothing but re-file its counterclaims, something it was essentially forced to do in response to Uhlig triggering the latest round of amendments to the pleading by virtue of filing its Third Amended Complaint.

3

Uhlig's attempt to rely on the Rule 12(f) motion-to-strike standard is misplaced. That standard does not apply to the nature of the relief sought here. It applies when a court is asked to strike "redundant, immaterial, impertinent, or scandalous matter" from a pleading. PropLogix is not asking the court to strike Uhlig's amended affirmative defenses on any of those grounds, but rather on the grounds that they exceeded the bounds of Uhlig's right to amend as a matter of course. In other words, PropLogix moves to strike the amendments on the grounds that they are not allowed by the Federal Rules of Civil Procedure. Certainly, this court has authority to strike filings from the record that violate the Federal Rules and/or this court's local rules.

Lastly, Uhlig argues that, "[t]o the extent this Court deems leave is required, Uhlig respectfully requests such leave be granted here." (ECF 260.) The court will not entertain this perfunctory and underdeveloped argument, buried in the last sentence of Uhlig's response brief, in its current procedural posture. If Uhlig wishes to seek leave to amend, it must file a proper motion in compliance with the Federal Rules and this court's local rules so that PropLogix has a full and fair opportunity to respond. Indeed, Uhlig should have done this in the first instance.

For these reasons, the court recommends that the assigned district judge grant PropLogix's motion, strike Uhlig's amended affirmative defenses, and allow Uhlig to file a motion pursuant to Rule 15(a)(2) for leave to file an amended pleading to assert its amended affirmative defenses.

\* \* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), and D. KAN. RULE 72.1.4(b), Uhlig may file written objections to this report and recommendation within fourteen days after being served with a copy. If Uhlig fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that PropLogix's Motion to Strike Uhlig's Unauthorized Affirmative Defenses (ECF 255) be granted and Uhlig's amended affirmative defenses be stricken from Uhlig's answer to PropLogix's counterclaims for the reasons set forth above.

**IT IS FURTHER RECOMMENDED** that the motion to strike be granted without prejudice to Uhlig filing a motion for leave to file an amended pleading in response to PropLogix's counterclaims.

**IT IS SO ORDERED.**

Dated February 23, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
