IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UHLIG LLC d/b/a CONDOCERTS™ and d/b/a WELCOMELINK®,  )<br>)<br>Plaintiff,   )<br>v.   )<br>)<br>PROPLOGIX, LLC,   )<br>)<br>Defendant.   )<br>_____)  | CIVIL ACTION<br><br>No. 22-2475-KHV |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion To Seal (Doc. #323) filed April 12, 2024. For reasons stated below, the Court overrules defendant's motion.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012). To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process. Id.; see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements"). The Court must rely on specific, rather than general, information when deciding to seal. See United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020).

Defendant seeks to seal Plaintiff's Motion For Partial Summary Judgment (Doc. #319) and Plaintiff's Motion To Exclude The Testimony Of Preston Herman And Memorandum In Support (Doc. #317), both filed April 5, 2024, or, alternatively, to redact certain exhibits to the motions. Defendant argues that it designated certain exhibits to plaintiff's filings as confidential under the Protective Order (Doc. #69) filed June 8, 2023 and the documents contain information that is "competitively sensitive." Motion To Seal (Doc. #323) at 1. The fact that a party designated documents "confidential" under the protective order does not in itself provide sufficient reason to seal. The protective order states that "[n]othing in this Order will be construed as a prior directive to allow any document to be filed under seal." Protective Order (Doc. #69) at 6. Further, the mere designation of information as confidential "is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets." Id.; see id. at 3 (because of presumption in favor of open and public judicial proceedings, order "will be strictly construed in favor of public disclosure and open proceedings wherever possible"); see also Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011) (parties cannot overcome presumption against sealing simply by showing records are subject to protective order).

Defendant argues that the documents contain information that is "competitively sensitive" and "disclosure could damage its position in the marketplace." Motion To Seal (Doc. #323) at 4. Defendant has not shown that the identities of its clients and the prices it charged previously for diligence services are confidential or that such information is not otherwise readily available in public records. Defendant asserts that it will suffer competitive injury if the Court does not seal such information, along with its "historical sales data and insights," but it fails to explain specifically how any competitor could gain such a competitive advantage from access to the information. Id. at 5; see id. at 4 (granting competitors access to what defendant charges for its

-2-

services and identity of its clients will provide competitors with yet another advantage in marketplace); id. at 6 (disclosure of clients and client complaints provides competitors roadmap to poach clients). The Court recognizes that the public and competitors may have easier access to this information if the documents are not sealed. Even so, based on the historical nature of the information—which refers to transactions and sales in 2019, 2020 and 2022—defendant's fear that a competitor could exploit such information is speculative. On balance, defendant has not shown how its interests in making it more difficult for competitors to access the information outweighs the public interest in access to the materials that form part of the basis of this lawsuit.[1] See Colony Ins., 698 F.3d at 1242.

On this record, defendant has not met the heavy burden to articulate a real and substantial interest which justifies depriving the public access to records which inform the Court's decision-making process. See id. (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption of public access). Granted, where documents "play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." Riker v. Fed. Bureau of Prisons, 315 F. App'x 752, 755 (10th Cir. 2009) (quoting Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 121 (2d Cir. 2006)). Even so, the movant must present a countervailing reason which is sufficient to outweigh the presumption of public access. Defendant has not done so. For these reasons, the Court overrules defendant's motion to keep the documents under seal or have them redacted. See United States v.

---

[1] Defendant also notes that at least one of its clients maintains closing documents which include estoppel certificates as confidential during the ordinary course of its business. Motion To Seal (Doc. #323) at 6. The individual business practices of defendant's clients do not present a countervailing interest which is sufficient to overcome the presumption of public access.

Carter, No. 12-20066-38-KHV, 2020 WL 4673213, at *1 (D. Kan. Aug. 12, 2020) ("The Court's constitutional duties do not include asserting arguments for sealing records or ferreting out authorities and identifying factors which are necessary for it to conduct the nuanced balancing of the public's right of access against defendant's interest in non-disclosure.").

**IT IS THEREFORE ORDERED** that defendant's Motion To Seal (Doc. #323) filed April 12, 2024 is **OVERRULED**.

Dated this 8th day of May, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge